■ BENJAMIN A. WILDER, Appellant, v SUBRINA WASH, INC., Respondent. —In an action for specific performance of a contract for the sale of real property, the plaintiff vendee appeals from an order of the Supreme Court, Nassau County, dated November 18, 1976, which denied his motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. Order reversed, on the law, with $50 costs and disbursements, plaintiff's motion for summary judgment granted, and defendant's cross motion for summary judgment denied. The "binder" executed by the parties designates the parties, describes the subject matter, states the time and terms of payment, provides a closing date and is subscribed by the party to be charged. Thus, on its face, that memorandum contains all of the essential elements of a contract and it is sufficient within the requirements of the Statute of Frauds. Accordingly, it is properly subject to specific performance upon payment of the purchase price. Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.

■ In the Matter of ELLEN LANGILLE, Appellant, v GILBERT WEBER, Respondent.—In a custody proceeding pursuant to article 6 of the Family Court Act, petitioner appeals (1) from an order of the Family Court, Kings County, dated June 24, 1977, which, *inter alia,* directed that custody of children be returned to the respondent and (2) by permission, from a further order of the same court, dated July 1, 1977, which, *inter alia,* denied petitioner-appellant's motion for a new trial. Orders affirmed, without costs or disbursements. The issues raised by petitioner deal primarily with credibility, an issue left to the trier of fact. Although the Family Court was incorrect in its belief as to the prior criminal record of one witness, the record clearly supports its conclusion that the testimony of two witnesses was suspect. In all other respects the considered opinion of the Family Court is clearly supported by the record. Latham, J. P., Rabin, Gulotta and O'Connor, JJ., concur.