■ HELEN MONTEFERRANTE, Appellant, v NEW YORK CITY FIRE DEPARTMENT et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County, entered July 7, 1976, granting the motion by defendants New York City Fire Department and New York City Fire Department Pension Fund to dismiss the complaint against them, affirmed, without costs and disbursements. Our affirmance is based on the persuasive and well-reasoned opinion of Special Term. However, the perception by the dissent that Special Term erred in viewing the motion by defendants the New York City Fire Department and New York City Fire Department Pension Fund as one for summary judgment and that in consequence the order appealed from should be reversed, warrants the following observations. The record discloses that the notice of motion is denominated as one "For Summary Judgment". Further, the affidavit in support of such motion is similarly entitled "Affidavit In Support Of Defendants' Motion For Summary Judgment." The affiant in the body of the affidavit characterizes the motion as one "for summary judgment." However, in the body of the "Notice Of Motion For Summary Judgment", movants asserted that they sought an order pursuant to CPLR 3211 (subd [a], par 7) dismissing the complaint. Extrinsic documentary evidence relied upon by movants in their moving affidavit gives credence to the summary judgment relief sought by movants. In addition, movants criticize the complaint as legally insufficient. Of critical import, plaintiff opposed the motion fully and patently cognizant that it was one for summary judgment which had also raised the ground of insufficiency under CPLR 3211 (subd [a], par 7).* The motion was clearly and properly treated by Special Term in its hybrid aspect, that is, as one for summary judgment and for dismissal under CPLR 3211 (subd [a], par 7). While we echo the plaint of the dissent that "the inescapable fact is that as a result of a sad combination of circumstances, the widow of a fireman has been deprived of that security which, it may be reasonably assumed, he spent his working life in large part to secure for her" plaint, although equally applicable in its general aspect to unknown numbers of widows, may not serve as a predicate for legally casting movants in liability to plaintiff. Concur—Lupiano, J. P., Lane and Markewich, JJ.; Sandler, J., dissents in the following memorandum: Plaintiff, widow of a deceased New York City fireman, appeals from an order of Special Term granting, under CPLR 3211 (subd [a], par 7) and CPLR 3212, a motion by the defendants New York City Fire Department and New York City Fire Department Pension Fund to dismiss the third cause of action. The essential allegations of the dismissed cause of action are: 1. Upon entering city service as a fireman the plaintiff's deceased husband entered into a contract for employment with the defendants, which

---

* The affidavit in opposition acknowledges that the motion made on behalf of certain of the defendants "is designated as a motion for summary judgment and appears to seek relief in the form of summary judgment in favor of those two defendants," albeit "the Notice states and the accompanying affidavit suggests that this is a motion brought under C.P.L.R. § 3211 (a) 7".

included certain pension rights for himself and his beneficiaries. 2. The deceased became seriously ill with a terminal condition, which was known to or should have been known by the defendants who nevertheless ordered the deceased returned to duty. 3. In returning the deceased to duty and not retiring him the defendants breached the express and implied provisions of their contract with the deceased which required that the deceased would only be returned to duty if healthy. 4. The defendants permitted the deceased to return to duty without advising him of the loss of pension rights that would result should he die within 30 days after the effective date of his retirement. 5. The plaintiff, widow of the deceased fireman, was a third-party beneficiary of his contract with the defendants. Although not expressly spelled out in the third cause of action, it is adequately indicated elsewhere in the complaint that a time came following his return to duty when the deceased filed retirement papers but died less than 30 days after the effective date of retirement. The result was to deny plaintiff the rights she otherwise would have had to receive an allowance payable to her for her lifetime or its actuarial equivalent. (Administrative Code of City of New York, tit B, art 1, § B19.) The defendants moved for an order pursuant to CPLR 3211 (subd [a], par 7) dismissing the third cause of action for alleged legal insufficiency. Although the motion was expressly for relief pursuant to CPLR 3211 (subd [a], par 7), it was designated a notice of motion for summary judgment and accompanied by an affidavit of an Assistant Corporation Counsel which, among other things, alleged that the deceased had been returned to duty following a letter from his personal neurosurgeon to the effect that he could be restored to light duty, a copy of which was annexed as an exhibit. Plaintiff's counsel filed an answering affidavit in which, observing that the notice had been designated as one for summary judgment, he clearly stated his understanding that it was a motion brought under CPLR 3211 (subd [a], par 7) "seeking dismissal because the complaint fails to state a cause of action." Although parts of his affidavit include an elaboration of factual allegations in the complainant, it was basically a lawyer's affidavit in response to a motion to dismiss for failure to state a cause of action, not a factual response to a motion for summary judgment. The opinion at Special Term opened with the statement that the motion to dismiss for failure to state a cause of action is granted. The legal analysis that followed relied in substantial part on the factual conclusion that "the decedent's own physician found him fit for limited duty." Finally, the opinion refers to "a motion for summary judgment" and comments in language familiar with regard to such motions that "it is incumbent upon plaintiff to lay bare her proof or legal argument." Preliminarily it was error to have treated the motion under CPLR 3211 (subd [a], par 7) as one for summary judgment without the prior notification to the parties explicitly required by CPLR 3211 (subd [c]). (See *Rovello v Orofino Realty Co.,* 40 NY2d 633.) This judicial response was more than understandable in light of the confusing character of the moving papers noted above, as well as the ambiguous aspects of the responding affidavit by plaintiff's counsel. Nonetheless, summary judgment could not properly have been granted here without informing the parties of the court's intention to treat the motion in that light and providing an opportunity for the further submission of factual material. This case seems to me peculiarly inappropriate for us to overlook the omission to give the notice required by CPLR 3211 (subd [c]). Whatever view may ultimately be taken with regard to the legal issues, the inescapable fact is that as a result of a sad combination of circumstances, the widow of a fireman has been deprived of that security which, it may be reasonably

assumed, he spent his working life in large part to secure for her. The question remaining is whether or not the allegations on their face are legally sufficient to state a cause of action. Translated into simple English, this cause of action asserts that the defendants restored a dying man to duty when it was their clear duty to retire him on pension, and the result, quite foreseeable under the circumstances, was to deprive the plaintiff of important pension benefits that she would otherwise have received if the deceased had been retired and did not die within 30 days of his retirement. No authorities directly bearing either way on the issues here have been presented by the parties, nor has my research disclosed any, although the duty to retire one who cannot perform his duties "upon the pension provided by law" has been clearly established in another context. (See *Matter of City of New York v Schoeck,* 294 NY 559.) Assuming the accuracy of the allegations described above, which we are required to do on a motion to dismiss for legal insufficiency, I would think it relatively clear that they adequately state grounds for relief both on familiar third-party beneficiary principles as well as on traditional negligence principles. Moreover, the papers submitted strongly intimate the presence of other facts not explicitly described in the cause of action that would provide a separate, and even more compelling, ground for relief, and would at the very least require that an opportunity be given to replead. It seems likely that the deceased was not aware of the terminal character of his condition at the time he was restored to duty, that information having been withheld from him by his wife and personal physician in a familiar kind of painful decision. The reality may well have been that the dying man, who presumably knew his pension rights, was not aware that he was shortly to die while those close to him who knew the situation did not appreciate the consequences to plaintiff's pension rights that would result from their intended kindness. In short, it may well be that at the time that the deceased was restored to duty the defendants, and only the defendants, knew of the terminal character of the deceased's condition as well as of the consequences to plaintiff's pension rights of his death within 30 days after the effective date of his retirement. Under such circumstances, the failure of the defendants either to retire the deceased, or to inform him of the nature of his physicial situation, so that he might make an informed judgment critical to the interests of his beneficiary, would surely have represented an actionable wrong. In this connection, it is well established that under certain circumstances employers are under a duty to disclose to their employees the results of a medical examination. (See *Wojcik v Aluminum Co. of Amer.,* 18 Misc 2d 740; *Union Carbide & Carbon Corp. v Stapleton,* 237 F2d 229.) The familiar theory, surely pertinent to the issue before us, is that one who undertakes to act with respect to another's health or safety and thereby leads the other to refrain from protecting himself may be liable for negligence. (See *Union Carbide & Carbon Corp. v Stapleton, supra; cf. Elias v Lehigh Val. R. R. Co.,* 226 NY 154, 157.) For the foregoing reasons, the order dismissing the third cause of action should be reversed and the cause of action reinstated or, in the alternative, plaintiff should be granted leave to file an amended pleading.

