and learned that the Warren County Sheriff's Department had to answer a complaint on the previous Saturday evening because no State Police patrol was on duty in the Chestertown area. Investigation revealed that the patrol had been canceled because petitioner had called in sick. On July 23, 1980, petitioner, accompanied by a PBA representative and his attorney, appeared before Lieutenant Brooks and was advised that he was being investigated for taking unauthorized sick leave and causing a false entry to be made in official records. The hearing board made a written recommendation sustaining the charge that petitioner had caused a false entry to be made in the official records of the New York State Police, in violation of section 8.53 of the regulations of that department, by falsely reporting himself sick. Implicit in that finding was a rejection of petitioner's claim that his hemorrhoids were indeed bothering him — a claim that the board found was contradicted by his activities at the Colonial Arms as testified to by Lieutenant Brooks. The hearing board recommended, and the superintendent agreed, that petitioner be suspended for 10 days without pay, with five days of the suspension remitted; and that he be placed on probation for six months, the condition of probation being that he not violate the rules and regulations applicable to sick leave. This determination is amply supported by substantial evidence, as set forth above, and should be confirmed. Despite the absence of medical evidence, petitioner's observed activities at the Colonial Arms belie his claim that he was indeed suffering from his hemorrhoidal condition and was too ill to report for duty. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

■ JOHN R. GUZZO, Appellant, v EASTERNTECH ELECTRONICS, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered April 13, 1981 in Rensselaer County, which, *inter alia*, granted defendant's motion for summary judgment. Initially, we reject plaintiff's claim that Special Term erred in granting summary judgment without giving the parties notice pursuant to CPLR 3211 (subd [c]). The motion seeking dismissal of the complaint was made after defendant had answered and plaintiff had replied to the answer. The motion papers did not specify whether the motion was pursuant to CPLR 3211 or 3212. The parties, however, treated the motion as one for summary judgment, submitting affidavits and documents in support of their respective positions. Accordingly, since the parties had the opportunity to make an appropriate record and submitted evidentiary proof on the issues, Special Term properly considered the motion as one for summary judgment (see *Monteferrante v New York City Fire Dept.,* 63 AD2d 576, affd 47 NY2d 737). Turning to the merits, we find issues of fact which preclude summary judgment. Plaintiff seeks specific performance of a contract for the assignment of a lease held by defendant with respect to certain land and the sale of radio transmission equipment located on that land. The parties signed the following written agreement: "1. To sell the lease between Mark Ramier [sic] and Eastern Tech. Electronics Corp. [defendant] to John Guzzo [plaintiff] for a price of $15,000. To be paid by $10,000 down and $5,000 for 2 years at a rate of 10% interest. Payment to start 3 month [sic] from date of closing. Price to include 100′ Rohn 55G tower, 8′ x 30′ office trailer and complete power. 2. Buyer will give seller a lease on portion of above. 3. Seller agrees that if for any legal reason he cannot convey lease, he will give buyer an exclusive lease in return on Mt. Ramier. 4. Closing to take place by July 25, 1980." Since the lease to be assigned was for a term of more than one year, the requirements of the Statute of Frauds must be met (General Obligations Law, § 5-703, subd 2). The writing required by the statute must designate the parties, identify and describe the subject matter and state all the essential and material terms of

the agreement (*Villano v G & C Homes,* 46 AD2d 907, app dsmd 36 NY2d 918). In our view, paragraph 1 of the writing, standing alone, meets these requirements (cf. *Wilder v Subrina Wash,* 61 AD2d 823). Special Term held that the second paragraph, which contains no terms regarding the lease back to defendant by plaintiff, rendered the writing so indefinite as to fail to comply with the requirements of the Statute of Frauds. We conclude, however, that such a holding depends upon whether the parties intended the lease back to defendant to be an essential term of the agreement to assign the lease, which is what plaintiff seeks to have specifically performed. If not, the incomplete term can be rejected as surplusage (*Read v Henzel,* 67 AD2d 186, 189). Significantly, the agreement to assign the lease can be specifically performed without reference to any lease back to defendant (see *Lashway v Sorell,* 51 AD2d 97, 98, app dsmd 39 NY2d 799), and, unlike the writing in *Read v Henzel* (*supra*), the memorandum here contains no indication that it was not intended to bind the parties. Since the parties' intent as to whether the lease back to defendant was to be an essential term of the assignment of defendant's lease cannot be determined from the writing, it presents a mixed question of law and fact that is not properly dealt with by summary judgment (see *Morton L. Ackerman, Inc. v Mohawk Cabinet Co.,* 37 AD2d 655). With respect to the third paragraph, it is clear that the parties did not intend to have it come into play unless defendant was unable to convey the lease due to the existence of some lien or other legal impediment. An examination of the record reveals that a question of fact exists as to whether defendant is unable to assign the lease. Thus, a determination of whether the third paragraph, whose essential terms are missing, renders the alleged contract unenforceable must await a determination of this factual issue. For the reasons set forth above, we conclude that since questions of fact exist, summary judgment dismissing the complaint should not have been granted, and in view of this determination, we also conclude that the *lis pendens* filed by plaintiff should not have been canceled. Accordingly, the order must be reversed. Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.