■ EMPIRE STATE DATSUN, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. — Proceeding pursuant to CPLR article 78 to review respondent's determination, which, after a hearing, found petitioner guilty of violating various regulations of the Commissioner of Motor Vehicles and suspended petitioner's repair shop registration for a period of 15 days, and imposed a civil penalty of $300. Determination confirmed and proceeding dismissed on the merits, with costs. We have reviewed the record, and find that the respondent's determination is supported by substantial evidence. In addition, on the record before us, we are not able to say that the penalty imposed was " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.

■ DONALD FELDMAN et al., Appellants, v CUP REALTY, INC., Respondent. (Action No. 1.) DANIEL ADLER et al., Appellants, v CUP REALTY, INC., Respondent. (Action No. 2.) ERIC SCHWARZKOPF et al., Appellants, v CUP REALTY, INC., Respondent. (Action No. 3.) — In three actions to declare judgment liens discharged and to permanently enjoin the sale of certain real property, plaintiffs appeal from two orders of the Supreme Court, Nassau County (Levitt, J.), both dated March 8, 1982, which denied plaintiffs' motions for preliminary injunctions in Actions Nos. 1 and 3 and, upon converting defendant's cross motions to dismiss the complaints in said actions into cross motions for summary judgment, granted said cross motions, and a judgment of the same court, dated May 11, 1982, which, *inter alia,* granted defendant's cross motion to dismiss the complaint in Action No. 2. Orders and judgment reversed, with one bill of $50 costs and disbursements, and the matter is remitted to Special Term for further proceedings consistent herewith. The sales of the subject real properties are stayed pending determination of these actions. Special Term erred in converting the cross motions to dismiss to ones for summary judgment without giving adequate notice to the parties (see *Aronoff v Albanese,* 74 AD2d 810). Furthermore, an examination of the record reveals that there is a question of fact as to whether defendant's assignor of the liens waived its liens on the subject properties during the bankruptcy proceedings. The parties should be given an opportunity to present evidence on this issue. Inasmuch as the papers submitted at Special Term alleged such conduct, plaintiffs are granted leave, if they be so advised, to amend their complaints to set forth the specific conduct alleged to constitute a waiver. Mangano, J. P., Gulotta, Bracken and Niehoff, JJ, concur.