(February 24, 1983)

■ RICHARD STINSON et al., Respondents, v STANLEY HURA et al., Appellants. — Order, Appellate Term, entered August 16, 1982, reversing a judgment of the Civil Court, New York County (Sparks, J.), entered January 13, 1981, and awarding final judgment of possession to the landlords, reversed, on the law, and matter remanded for a new trial, without costs. At trial, the landlords established a prima facie case under subdivision B of section 54 of the Code of Rent Stabilization Association of New York City, Inc., that they sought to recover apartment 3 in good faith for their own personal use. Thus, the trial court was incorrect in dismissing the petition at the end of the landlord's case. While the Appellate Term recognized that landlords had established a prima facie case, that court reversed and erroneously awarded judgment of possession to landlords. As the landlords concede upon appeal, tenants should be given the opportunity to prove their defense at a new trial. Concur — Murphy, P. J., Ross, Asch, Milonas and Alexander, JJ.

■ I.J.E. CONSTRUCTION CORPORATION, Appellant, v DOLLAR FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent. — Order, Supreme Court, New York County (Nadel, J.), entered January 4, 1982, which granted defendant's motion pursuant to CPLR 3211 (subd [a], par 7), dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated, with defendant directed to serve its answer thereto within 20 days after service of the order on this appeal. We agree that Special Term improperly treated defendant's motion as one for summary judgment under CPLR 3212 instead of as one for dismissal under CPLR 3211 (subd [a]). The motion, made prior to joinder of issue, was addressed solely to the face of the pleading. Giving every favorable inference to the allegations of the complaint, as must be done on a motion to dismiss, we disagree with the fact-finding analysis engaged in by Special Term. Although CPLR 3211 (subd [c]) expressly permits the court to treat a motion to dismiss as one for summary judgment, the statute requires "adequate notice to the parties", which was concededly never given here (see Rovello v Orofino Realty Co., 40 NY2d 633). Nor did the parties in their submissions on this motion treat the application as one for summary judgment (see Monteferrante v New York City Fire Dept., 63 AD2d 576, affd 47 NY2d 737; Guzzo v Easterntech Electronics, 86 AD2d 717). The critical issue in this case is whether the exchange of correspondence between the parties suffices to create a valid assignment of the mortgage proceeds. On this record, we find the allegations of the complaint sufficient to state a cognizable claim for relief to recover for breach of the alleged assignment. The bank contends that the documentary proof establishes that the assignment was conditioned upon the submission of a formal corporate resolution of Mir-Bar. Appellant, however, relies upon the correspondence from Mir-Bar's attorney and sole principal, authorizing defendant to release to plaintiff the funds due on the mortgage, as constituting such a resolution, particularly in light of Mir-Bar's corporate structure. This issue, however, need not be resolved at this stage in the litigation. Furthermore, the fact that the mortgage was recorded prior to the filing of the mechanic's lien and has priority is not dispositive, since this is not an action to foreclose the lien. At this juncture, we need only observe that the complaint on its face states a cause of action under CPLR 3211 (subd [a], par 7). Concur — Murphy, P. J., Kupferman, Sandler, Asch and Kassal, JJ.