■ ALBERT HANDY et al., Appellants-Respondents, v WESTBURY TEACHERS ASSOCIATION et al., Respondents-Appellants. — In an action for an injunction, a declaration that section 208 (subd 3, par [b]) of the Civil Service Law is unconstitutional, and for damages, the plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated July 12, 1983, as, upon directing defendants to submit to the plaintiffs a detailed statement setting forth the expenditure of the plaintiffs' agency shop fees for certain years, clearly delineating the plaintiffs' pro rata share of expenditures devoted to activities and causes of a political or ideological nature, dismissed their complaint in all other respects, and the defendants cross-appeal from so much of the same judgment as, upon dismissing the balance of the plaintiffs' complaint, directed them to submit said statement to the plaintiffs, denied their respective motions to dismiss plaintiffs' complaint, *inter alia,* for failure to state a cause of action, and denied the motion of defendants American

Federation of Teachers, AFL-CIO, and Shanker for the admission *pro hac vice* of an attorney admitted in other States to serve as their cocounsel.

Judgment modified by (1) deleting the second and third decretal paragraphs thereof, (2) deleting from the first decretal paragraph thereof the words "and summary judgment is granted to the plaintiffs to the extent hereafter provided", and substituting therefor after the word "defendants" the words "are granted to the extent of (a) dismissing plaintiffs' complaint as against defendants New York State United Teachers, Hobart, American Federation of Teachers, AFL-CIO, and Shanker, (b) dismissing so much of the first cause of action asserted in plaintiffs' complaint as challenges the propriety of the procedures instituted by defendant Westbury Teachers Association pursuant to section 208 (subd 3, par [b]) of the Civil Service Law and the disclosure provided by defendant Westbury Teachers Association in connection with such procedures with regard to its expenditures and those of its affiliated organizations, defendants New York State United Teachers and American Federation of Teachers, AFL-CIO and (c) dismissing the second and sixth causes of action and in all other respects said motions are denied", and (3) adding thereto a decretal paragraph severing the action as against defendants New York State United Teachers (hereinafter NYSUT), Hobart, American Federation of Teachers, AFL-CIO (hereinafter AFT), and Shanker. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings on the balance of plaintiffs' first cause of action which challenges the propriety of the substantive standards used by defendant Westbury Teachers Association (hereinafter WTA), to justify its determination of which of its expenditures should be considered refundable to objecting agency shop fee payers, or the adequacy of particular refunds, as well as plaintiffs' third, fourth, fifth and seventh causes of action insofar as asserted against defendants WTA, Jablecki and the Board of Education of the Westbury Union Free School District. The time of defendants WTA, Jablecki and the Board of Education to answer is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Special Term erred in treating defendants' motions to dismiss plaintiffs' complaint as motions for summary judgment without affording notice to the parties of its intention to do so as required by CPLR 3211 (subd [c]). Defendants' motions to dismiss were made before answering, were predicated on legal grounds alone, and were supported only by the affidavits of their attorney.

Plaintiffs' opposing affidavits similarly addressed only the adequacy of their pleadings and could not be taken as a request for summary judgment. Before deciding to grant summary judgment, Special Term should have afforded the parties the opportunity to present evidentiary material and to argue that there were disputed questions of fact requiring a trial. The complaint makes assertions of fact which defendants' motion papers did not even attempt to address; rather, they contended that plaintiffs' factual allegations were insufficient to state a cause of action (see *Rich v Lefkovits*, 56 NY2d 276; *Monteferrante v New York City Fire Dept.*, 63 AD2d 576, affd for reasons stated in mem at App Div 47 NY2d 737; *O'Hara v Del Bello*, 47 NY2d 363; *Boswell v Jiminy Peak*, 94 AD2d 782; *Feldman v Cup Realty*, 92 AD2d 561; *I.J.E. Constr. Corp. v Dollar Fed. Sav. & Loan Assn.*, 92 AD2d 525).

Plaintiffs' first cause of action is dismissed on the ground of *res judicata* insofar as it challenges the propriety of the procedures instituted by defendant WTA pursuant to section 208 (subd 3, par [b]) of the Civil Service Law "providing for the refund to any employee demanding the return [of] any part of an agency shop fee deduction which represents the employee's pro rata share of expenditures by the organization in aid of activities or causes of a political or ideological nature only incidentally related to terms and conditions of employment", and challenges the disclosure provided to such employees by defendant WTA in connection with the refund procedure with regard to its expenditures and those of its affiliated organizations, defendants NYSUT and AFT. Plaintiffs' contentions in this regard were actually adjudicated by the New York State Public Employment Relations Board (hereinafter PERB) in several prior proceedings instituted by plaintiffs alleging improper practices by defendant WTA (see *Matter of Westbury Union Free School Dist. [Handy]*, 12 PERB par 4570; *Matter of Westbury Teachers Assn.*, 15 PERB par 3100). Plaintiffs did not institute CPLR article 78 proceedings to seek judicial review of these determinations which are clearly conclusive against them. However, it was error to dismiss so much of plaintiffs' first cause of action as challenges the propriety of the substantive standards used by the union defendants (WTA, NYSUT and AFT) to justify their determination as to which of their expenditures should be considered refundable to objecting agency shop fee payers, or the adequacy of particular refunds. In the improper practice proceedings brought by plaintiffs, PERB declined to adjudicate their contentions on these issues, following its prior holdings that its statutory improper practice jurisdiction did not extend

to such determinations (see *Matter of East Moriches Teachers Assn. [Upham]*, 14 PERB par 3056; *Matter of Hampton Bays Teachers Assn. [Sullivan]*, 14 PERB par 3018). PERB's holding that it lacked such jurisdiction leaves plaintiffs free to raise those same contentions in this action (see Restatement, Judgments 2d, § 26, subd [1], par [c]).

But plaintiffs' second cause of action is dismissed on the grounds of collateral estoppel and failure to exhaust administrative remedies. PERB has held that the use of agency shop fees for members-only services is an improper practice (see *Matter of United Univ. Professions [Eson]*, 12 PERB par 3117). In their prior improper practice charges before PERB challenging the refunds of their agency shop fees for the years 1977-1978, 1978-1979, and 1979-1980, plaintiffs failed to raise this issue (see *Matter of Westbury Teachers Assn. [Handy]*, 14 PERB par 3063, 15 PERB par 3099, 15 PERB par 3100, *supra*). With regard to the refund for the year 1980-1981, plaintiffs admittedly failed to bring charges before PERB.

Plaintiffs' third cause of action, challenging the constitutionality of section 208 (subd 3, par [b]) of the Civil Service Law, as applied, in that it permits the union defendants to use their agency shop fees for purposes other than "collective bargaining, contract administration and grievance adjustment" in violation of their rights under the First Amendment of the Constitution of the United States and section 8 of article I of the Constitution of the State of New York, is legally sufficient (see, e.g., *Ellis v Railway Clerks,* 466 US __, 104 S Ct 1883; *Abood v Detroit Bd. of Educ.,* 431 US 209; *Railway Clerks v Allen,* 373 US 113; *Machinists v Street,* 367 US 740; *Railway Employees' Dept. v Hanson,* 351 US 225). However, the record is clearly insufficient for a proper adjudication of their contentions. Plaintiffs' third cause of action is therefor restored and remitted to Special Term for the development of a sufficient factual record.

The fourth, fifth and seventh causes of action, challenging the substantive adequacy of refunds for the years 1977-1978, 1978-1979, and 1980-1981, and the standards used by the WTA to justify them, are timely, are not barred by laches, and are legally sufficient, being related to and dependent upon the resolution of the constitutional claims asserted in the third cause of action. These causes of action are therefore restored and remitted to the Supreme Court, Nassau County, for further proceedings. However, plaintiffs' sixth cause of action, challenging their refunds for the year 1979-1980, is dismissed as moot, since defendant WTA has refunded plaintiffs' entire agency shop fees for that year, with interest, pursuant to a PERB order (see

*Matter of Westbury Teachers Assn. [Handy]*, 15 PERB par 3100, *supra*). On oral argument, counsel for plaintiffs conceded that their sixth cause of action should be dismissed.

The motion of the defendant Board of Education to dismiss the action as against it was properly denied. This defendant, which deducts plaintiffs' agency shop fees from their salaries pursuant to statute and the collective bargaining agreement, is a proper and necessary defendant, and must remain in the action so that an effective judgment may be rendered. However, the motions of defendants NYSUT, Hobart, AFT and Shanker to dismiss the action as against them should be granted. The statute imposes a duty only on plaintiffs' certified bargaining agent, defendant WTA, and PERB has held that this duty also extends to the refund of agency shop fees transmitted to its affiliated organizations and the disclosure of their expenditures in connection with such refunds (see *Matter of Hampton Bays Teachers Assn. [Sullivan]*, 14 PERB par 3018, *supra; Matter of East Moriches Teachers Assn. [Upham]*, 14 PERB par 3056, *supra*). Accordingly, NYSUT, AFT and their presidents are neither necessary nor proper defendants, and the action is dismissed as against them. In view of this dismissal, the motion of AFT for admission *pro hac vice* of its general counsel, Lawrence A. Poltrock, to represent it, is denied as academic. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.