■ NIAGARA FRONTIER SERVICES, INC., Respondent, v JOANN M. THRESS et al., Appellants. — Order and judgment unanimously affirmed, without costs. Memorandum: Special Term properly awarded plaintiff judgment excusing it of default, declaring that it had validly exercised its option to renew its lease with defendants (hereinafter landlord) and restraining defendants from taking any action to terminate plaintiff's tenancy. According to the terms of the lease, notice of tenant's intent to exercise the option to renew was to be given to the landlord before October 1, 1982, three months prior to expiration of the existing term. Tenant failed to give such notice. By letter dated October 4, 1982 landlord wrote to the tenant calling attention to the forthcoming expiration date and asking what it intended to do with respect to the lease. By letter dated October 6, 1982 tenant responded that it intended to renew the lease for the five-year term. The landlord did not respond until October 26, at which time he advised that the option had expired and that the tenant would be contacted by a real estate broker with regard to negotiating a new lease. Tenant then initiated this action for declaratory judgment and injunctive relief in which summary judgment was subsequently entered.

As a general principle, if a lease provides as a condition of renewal that the tenant shall notify the landlord in writing on or before a certain date of his intention to exercise his option, failure to give such notice will forfeit the right to renew (34 NY Jur, Landlord and Tenant, § 419; 1A Corbin, Contracts § 264 [1963]; 1 Williston, Contracts § 87 [3d ed 1957]). However, where a tenant has negligently or inadvertently failed to give notice, but has made improvements of such nature that he would sustain a substantial loss if the lease were not renewed, equity will intervene to prevent a forfeiture if the landlord has not materially changed his position to his prejudice in reliance on the tenant's failure to exercise the option. (*See, J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 398-399; *Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449, 452; 1 Williston, Contracts § 76, at 249 [3d ed 1957].)

The landlord contends that summary judgment is inappropriate because there is a factual issue to be resolved as to whether he has sustained prejudice in support of its motion for summary judgment, the tenant submitted affidavits and exhibits indicating a substantial investment in the subject premises and thus established that a forfeiture would result unless the default was excused. In opposition, the landlord stated by way of affidavit

that he would be able to develop proof of prejudice at trial. The only ground of prejudice he asserts is that he has contacted a prospective tenant who is willing to rent the subject premises at the current fair market value. In order to defeat the tenant's motion for summary judgment, it was incumbent upon the landlord to come forward with proof in evidentiary form to defeat plaintiff's motion (*see, Zuckerman v City of New York,* 49 NY2d 557; *cf. Palmerton v Envirogas, Inc.,* 80 AD2d 996) and this he has failed to do. (Appeal from order and judgment of Supreme Court, Erie County, Francis, J. — declaratory judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and O'Donnell, JJ.