■ BANK OF NEW YORK, Respondent, v ULSTER HEIGHTS PROPERTIES, INC., Appellant.—In an action, *inter alia,* for specific performance, injunctive relief and a declaratory judgment concerning a sublease, defendant appeals from a judgment of the Supreme Court, Rockland County (Reed, J.), dated November 14, 1984, which denied its cross motion for a

dismissal of the complaint and summary judgment, and granted plaintiff summary judgment, declaring, *inter alia,* that said sublease remains in full force and effect and is renewed for a term of five years commencing January 1, 1985, and permanently enjoining defendant from taking any steps to evict plaintiff from possession.

Judgment affirmed, with costs.

The underlying dispute involved in this appeal concerns the timeliness of plaintiff the Bank of New York's (hereinafter the bank) exercise of its option to renew a sublease with defendant involving a banking facility at Prel Plaza in Orangeburg, New York. The sublease is subordinate and subject to a main or ground lease simultaneously executed by the parties' predecessors in interest, which concerned certain vacant property owned by the bank's predecessor in interest and leased to defendant's predecessor for building and development of the plaza. Since the bank's predecessor wished to maintain a banking facility on the premises, it subleased a portion of the main building which was to be erected by defendant's predecessor. The bank also granted defendant's predecessor a mortgage to finance the project.

The initial term of the main lease was for 50 years and three months with three renewal terms of 20 years each. The sublease was for an initial term of 15 years with a right of renewal for 19 terms of five years each. The term of the main lease was to commence by a specific date, October 1, 1967. The commencement date of the sublease, however, was tied to the issuance of a certificate of occupancy and was to end on December 31, 15 years after issuance of the certificate of occupancy.

The sublease renewal term called for the exercise of the renewal option no less than six months and no more than 15 months before the lease expired.

Relying upon a certificate of occupancy issued on June 12, 1969 for the banking facility, and acting upon its belief that the sublease, therefore, terminated on December 31, 1984, the bank gave defendant written notice on April 30, 1984 of its election to extend the terms of the sublease for five years.

In response thereto, defendant informed the bank by letter dated May 17, 1984 that the sublease had expired on December 31, 1983, and rejected the bank's notice as untimely, but offered to renegotiate a new lease. Defendant further took the position that the bank was a holdover tenant and, on June 28, 1984, notified the bank that its month-to-month tenancy was

terminated. Defendant asserted that the certificate of occupancy which triggered the commencement date of the sublease was one issued on June 26, 1968 for the two-story main building housing the banking and other facilities in the plaza.

Defendant, on this appeal, contends, *inter alia,* that Special Term erred in granting summary judgment because issue was not joined and the court failed to give adequate notice to the parties that it was treating defendant's cross motion to "Dismiss The Complaint and For Summary Judgment" as a motion for summary judgment.

Based upon the record, it is evident that defendant's cross motion was not solely addressed to the pleadings, and that both parties in their submissions treated the cross motion as one for summary judgment. Accordingly, defendant cannot be heard to complain that it did not have notice of the court's intention to treat its cross motion as one for summary judgment (CPLR 3211 [c]; *see, Goldstein v County of Monroe,* 77 AD2d 232; *cf. I.J.E. Constr. Corp. v Dollar Fed. Sav. & Loan Assn.,* 92 AD2d 525).

We also find no merit to defendant's contention that Special Term improperly declared that the bank's exercise of its option to renew the sublease was binding upon the defendant. We agree with Special Term that a reading of both the main lease and sublease reveals that various terms are ambiguous as to the actual commencement of the term of the sublease. The record demonstrates that a dispute arose in the past concerning this same problem between the bank's predecessor in interest and defendant. Also, as conceded by defendant, the bank relied upon a document prepared by its predecessor in interest explicitly indicating that the term of the sublease expired on December 31, 1984. Moreover, for several months prior to service of the notice of intention to renew, the parties had been negotiating over certain improvements which the bank wished to make on the subleased premises. Architectural plans had been presented to defendant for approval. During this time defendant made no effort to notify the bank of its purported holdover status or to terminate the tenancy, but continued to accept the bank's payment of rent.

It is a fundamental rule that equity will intervene to prevent a forfeiture where a delay in giving notice of renewal results from accident, fraud, surprise or mistake, and the lessor is not prejudiced by a change in position *(see, Jones v Gianferante,* 305 NY 135; *Fountain Co. v Stein,* 97 Conn 619, 118 A 47, 27 ALR 976; 2 Pomeroy, Equity Jurisprudence § 453b, at 296 [5th ed]). Under the circumstances of this case,

we conclude that the bank's late renewal notice was the result of mistake based upon the ambiguity in the sublease concerning its commencement date *(see, Jones v Gianferante, supra)*. Additionally, the bank would suffer a forfeiture by the loss of this valuable leasehold upon which it has made substantial improvements. Defendant, on the other hand, has made no factual showing to substantiate its claim that it would be prejudiced by a grant of equitable relief to the bank.

On balance, the hardship that will be suffered by the defendant is slight when compared to the hardship that would result to the bank under a strict application of the law without equitable considerations *(see, J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *United Skates of Am. v Kaplan,* 96 AD2d 232; cf. *McVey v Simone,* 73 AD2d 959). Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.