■ PAUL GODNIG, Doing Business as "Country Collection", Respondent, v BELMONT REALTY Co., INC., Also Known as BELMONT REAL ESTATE Co., INC., et al., Appellants.

The plaintiff rented the subject commercial premises in April 1980 from the defendants' predecessor in interest. In 1983, the defendants purchased the property, subject to the plaintiff's lease. The original term of the lease was for five years and provided the tenant with an option to renew for an additional five-year term at increased rent. In order to exercise the option to renew, the tenant was required to provide the landlord with written notice by certified mail, return receipt requested, at least 30 days prior to the commencement of the renewal period on April 1, 1985. It is undisputed that the plaintiff sent written notice of his intention to renew the lease by certified mail on March 6, 1985, several days beyond the required 30 days prior to the commencement of the renewal term. In a letter dated March 18, 1985, the defendants' attorney advised the plaintiff that his notice was rejected because his time to exercise the option to renew had expired. The plaintiff was also asked to vacate the premises no later than March 30, 1985. Thereafter, the plaintiff was served with the landlord's 30-day notice to terminate the tenancy. The plaintiff continued to occupy the premises and commenced this action by service of a summons and complaint together with an order to show cause for a preliminary injunction (Sullivan, J.), dated May 31, 1985, which, *inter alia,* temporarily restrained the defendants from terminating and interfering with the plaintiff's tenancy. In response to the plaintiff's application for preliminary injunctive relief, the defendants cross-moved for an order dismissing the action under CPLR 3211 (a) (1) and (7), on the grounds that the defendants had an absolute and meritorious defense founded upon documentary evidence and that the complaint failed to state a valid cause of action.

The defendants contend that Special Term erred in failing to dismiss the complaint, as the plaintiff is not entitled to equitable relief from the forfeiture of his leasehold interest. The plaintiff's pleadings, however, plead the three elements necessary to maintain a cause of action for such equitable relief, namely, (1) that the tenant's delay in exercising his option to renew was the result of an honest mistake or excusable default, (2) that the tenant has made substantial improvements on the premises and has a valuable interest in the leasehold interest, and (3) that the landlord has not been prejudiced by the delay *(see, J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *cf. McVey v Simone,* 73 AD2d 959).

We agree with Special Term's conclusion that the defen-

dants failed to present evidence sufficient to conclusively controvert the plaintiff's allegations which, in the posture of this case, must be liberally construed and are entitled to every favorable inference. Accordingly, Special Term properly denied the defendants' cross motion to dismiss *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Lavigne v Allen,* 36 AD2d 981).

Also, with respect to the defendants' remaining contentions concerning the preliminary injunction, on this record it cannot be concluded that Special Term abused its discretion in granting that relief to the plaintiff *(see, Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.