■ Daniel Werner, Respondent, v Central General Radiologists et al., Defendants, and Ergi J. Pesiri, Appellant.—In an action to recover damages for medical malpractice, the defendant Ergi J. Pesiri appeals (1) from an order of the Supreme Court, Nassau County (Christ, J.), entered November 12, 1985, which granted the plaintiff's motion to dismiss his second and third affirmative defenses, and (2), as limited by his brief, from so much of an order of the same court, dated May 29, 1986, as, upon granting his motion to renew and reargue, adhered to the original determination.

Ordered that the appeal from the order entered November 12, 1985, is dismissed, as that order was superseded by the order dated May 29, 1986, made upon renewal and reargument; and it is further,

Ordered that the order dated May 29, 1986, is modified, on the law, by deleting the provision thereof which adhered to so much of the prior determination as granted that branch of the plaintiff's motion which was to dismiss the defendant's second affirmative defense alleging culpable conduct on the plaintiff's part, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order dated May 29, 1986, is affirmed insofar as appealed from, and the order entered November 12, 1985, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

It is evident that the parties and the court treated the instant motion as one for summary judgment (see, Handy v

*Westbury Teachers Assn.,* 104 AD2d 923). A review of the verified pleadings, a doctor's report and hospital records submitted with respect to the plaintiff's culpable conduct reveal that there are triable issues of fact with respect to the matters set forth in the appellant's second affirmative defense. Therefore, Special Term erred in dismissing the appellant's second affirmative defense concerning the alleged culpable conduct of the plaintiff. However, the plaintiff established that the defense of assumption of risk was insufficient as a matter of law, and the appellant raised no triable issue in this regard. Thus, the third affirmative defense alleging an assumption of risk was properly dismissed *(see, Chodos v Flanzer,* 90 AD2d 838; *see also, Arbegast v Board of Educ.,* 65 NY2d 161). Weinstein, J. P., Spatt, Sullivan and Harwood, JJ., concur.