■ MYRON HUNT et al., Respondents, v HARRY W. CARLSON, Individually and as Executor of GERTRUDE J. CARLSON, Deceased, et al., Appellants.—Kane, J. P. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered June 10, 1987 in

Albany County, which granted plaintiffs' motion for summary judgment.

The instant dispute involves the lease of a parking lot located in the Town of Colonie, Albany County. The lease in question was executed on October 28, 1960 with Gertrude J. Carlson named as the lessor and Albany Public Market, Inc., named as the lessee. The lease granted to Albany Public and its assignees, *inter alia*, an option to renew as well as an option to purchase the parking lot for the sum of $125,000. The lease required that the option to purchase be exercised during the 12 months immediately preceding the expiration of the lease or during the last 12 months of any renewal period.

Subsequent to the execution of the lease, it was assigned several times, with the final assignment to plaintiffs in this action occurring in September 1983. Carlson (hereinafter decedent) had meanwhile died in 1973 and defendants in this action are her successors in interest.

The provision of the lease in dispute involves the original length of the lease term and states that it was: "for a term of twenty-five (25) years, commencing on the 1st day of January, 1961, and ending at midnight of the 31st day of December, 1986".

However, if the 25-year term is measured from January 1, 1961, the lease actually concluded on December 31, 1985 and not on December 31, 1986. When plaintiffs sought to exercise the purchase option, they relied on the December 31, 1986 date. Defendants' attorney rejected the exercise of the option claiming that it was untimely insofar as it occurred after the lease had terminated. Plaintiffs then commenced the instant suit seeking the conveyance of the parking lot to them for $125,000. After defendants answered, plaintiffs moved for summary judgment. Supreme Court granted the motion and defendants have appealed.

It is conceded that, at law, if a notice exercising an option is not given within the time specified in the lease, it is deemed ineffective *(J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 396). Defendants claim that because the notice of intent to exercise the purchase option in this case came after the 25-year term (i.e., after Dec. 31, 1985), plaintiffs are precluded from exercising it. However, even if defendants' claim was legally correct, that would not end the matter. A tenant is still entitled to equitable relief from forfeiture if the delay was not due to bad faith but rather occurred due to an honest mistake, excusable default or even where it was due to

the tenant's own inadvertence. To recover, the tenant must also have made substantial improvements on the premises and have a valuable interest in the leasehold. Finally, the landlord must have suffered no prejudice due to the delay *(see, Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573; *J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, *supra; Godnig v Belmont Realty Co.,* 124 AD2d 701).

In the instant case, we agree with Supreme Court's conclusion that plaintiffs satisfied the above requirements. Initially, contrary to defendants' contention, the above rules apply with equal force to a purchase option as well as to an option to renew *(see, United Skates v Kaplan,* 96 AD2d 232, *appeal dismissed* 63 NY2d 944). Next, plaintiffs expended $205,166 for rehabilitation of the parking lot. They also purchased an entire shopping center next to the parking lot which is the only parking area servicing the shopping center. Thus, plaintiffs have sufficiently shown that they would suffer a substantial forfeiture if the terms of the lease were strictly enforced.

Plaintiffs have also shown that the exercise of the option was not done in bad faith *(see, Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449), and that they did not intentionally delay in exercising the option for the purpose of obtaining more favorable market conditions *(see, J. N. A. Realty Corp. v Cross Bay Chelsea, supra,* at 400). The delay was occasioned by their good-faith reliance on the date stated in the lease: December 31, 1986. Indeed, at an examination before trial, defendant Harry W. Carlson, executor of decedent's estate, admitted that he also thought the lease expired on December 31, 1986 and that it was not until his attorney pointed it out to him that he realized the 25-year period ended on December 31, 1985. We concur in Supreme Court's conclusion that the lease was ambiguous concerning the termination date and that the late notice was due to that ambiguity *(see, Bank of N. Y. v Ulster Hgts. Props.,* 114 AD2d 431, 433-434).

Furthermore, we find nothing in defendants' allegations which in any way indicate that they were prejudiced by plaintiffs' reliance on the December 31, 1986 date *(see, United Skates v Kaplan,* 96 AD2d 232, *supra).* It was incumbent upon defendants to come forward with proof in evidentiary form to defeat plaintiffs' motion and this they failed to do *(see, Godnig v Belmont Realty Co.,* 124 AD2d 701, *supra; Niagara Frontier Servs. v Thress,* 109 AD2d 1089). Accordingly, Supreme Court properly granted plaintiffs' motion for summary judgment.

We have examined defendants' remaining contentions and find them to be without merit.

Order affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.