■ PITKIN SEAFOOD INC. et al., Respondents, v PITROCK REALTY CORP., Appellant.—In action for specific performance of an option agreement, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Vaccaro, J.), dated December 11, 1987, which granted the plaintiffs' motion for summary judgment and thereupon directed specific performance of the contract.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Le Nguyet Cho entered into a lease with the defendant in 1982. In June 1983 Cho, pursuant to the lease, assigned her interest in the property to the plaintiff Pitkin Seafood Inc. (hereinafter Pitkin), a closely held corporation of which she and her husband were the only officers and shareholders.

The lease contained a provision that required Cho to give written notice to the defendant of her intention to exercise the option to purchase the premises, 90 days prior to the expiration of the lease. Several months before the expiration date, Cho's husband informed the defendant of their intention to exercise the option, and thereafter Cho herself sent this notice within the prescribed time period. The defendant did not respond, and after the time period had expired, it rejected the option claiming that since Cho assigned her interest to the corporation, she was no longer the tenant and could not exercise the option. Pitkin then sent notice to the defendant, which the defendant rejected, claiming that the time to exercise the option had expired.

We are presented with a tenant who exercised an option in a timely fashion, but inadvertently did so in a negligent manner. Cho and Pitkin are closely related. Although Cho assigned the lease to the corporation she remained physically present on the premises daily. The defendant was aware of this. The fact that Cho chose to exercise the option in her name individually instead of the corporate name should not negate an otherwise valid acceptance *(United Skates v Kaplan,* 96 AD2d 232).

Even if Cho's initial exercise of the option was not proper, the subsequent attempt by Pitkin should be given effect. Although it is a settled principle of law that a notice exercising an option is ineffective if not given within the time specified *(J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *United Skates v Kaplan, supra),* it is further recognized that a tenant's equitable interest is protected against forfeiture where the tenant has in good faith made improvements, if the landlord has not been harmed by the delay. The Court of Appeals has held that a tenant is equitably entitled to the benefit of the rule which relieves against such forfeitures of valuable lease terms, when default in notice did not prejudice the landlord, and resulted from an honest mistake, or similar excusable default *(J.N.A. Realty Corp. v Cross Bay Chelsea, supra,* at 398, citing *Jones v Gianferante,* 305 NY 135).

The plaintiffs have made substantial improvements to the property during the course of their tenancy. Furthermore they have established valuable goodwill at the present location during the approximately five years they have operated their business. The defendant has not demonstrated any prejudice that it would experience if the option were exercised. Accordingly, under the principles of *J.N.A. Realty Corp. v Cross Bay Chelsea (supra),* and *United Skates v Kaplan (supra),* we hold

that the defendant should be compelled to specifically perform the contract pursuant to the lease provisions *(see also, Bank of N. Y. v Ulster Hgts. Props.,* 114 AD2d 432; *Hunt v Carlson,* 136 AD2d 853).* Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.