■ AGUSTIN RODRIGUEZ, Appellant, v LAURENCE S. BAKER et al., Respondents.—In an action for specific performance of an option agreement, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Coppola, J.), entered March 30, 1990, which denied those branches of the plaintiff's motion which were for leave to serve an amended complaint and for a preliminary injunction, and (2) as limited by his brief, from so much of an order of the same court, entered March 22, 1991, as, upon renewal, adhered to an original determination denying his motion for summary judgment.

Ordered that the order entered March 30, 1990, is modified, by deleting the provisions thereof which denied that branch of the plaintiff's motion which was for leave to serve an amended complaint, and substituting therefor a provision granting that branch of the motion to the extent of amending the caption to include Marble Rest. Corp. as a party plaintiff, and otherwise denying that branch of the motion; as so modified, the order entered March 30, 1990, is affirmed; and it is further,

Ordered that the order entered March 22, 1991, is reversed

insofar as appealed from, on the law, the motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment directing the defendant Baker to specifically perform the contract; and it is further,

Ordered that the appellant is awarded one bill of costs.

In June 1980 the defendant Laurence Baker filed a voluntary petition in bankruptcy under chapter 11 of the United States Bankruptcy Code. He continued to operate his property as a debtor in possession pursuant to 11 USC §§ 1107 and 1108. In December 1982, the plaintiff Agustin Rodriguez entered into a lease with the defendant Baker. This lease included an option to purchase the subject premises "at any time and up to and including 90 days prior to the expiration date of the lease". In September 1983 Rodriguez assigned the lease to the Marble Rest. Corp., of which Rodriguez and his wife were sole shareholders. In an order dated November 7, 1983, the United States Bankruptcy Court for the Southern District of New York approved Rodriguez's lease between "LAURENCE S. BAKER, as Landlord and AGUSTIN RODRIGUEZ, as TENANT and assigned by said tenant to Marble Rest. Corp."

The lease was to expire on December 31, 1987. More than four months before the expiration date of the lease, Rodriguez, by his attorney, notified the landlord in writing that the option to purchase was being exercised. In September 1987 Rodriguez's attorney sent another letter to the landlord insisting that the matter be attended to promptly in order to avoid an action for specific performance. Laurence Baker responded that he was unable to sell the property to Rodriguez because Heinz Bloch had exercised an alleged right of first refusal.

In an order dated August 13, 1990, the Bankruptcy Court held that Baker's agreement with Bloch, granting Bloch the right of first refusal, was unauthorized, because that agreement was never approved pursuant to 11 USC § 363 (b).

Upon a review of the record, we find that Rodriguez acted properly in the exercise of the option. Contrary to the defendants' contentions that Rodriguez's exercise of the option was invalid because he communicated through his attorney, and because he did not serve notice in the name of the Marble Rest. Corp., the fact remains that Baker had actual notice within the specified time period that Rodriguez, on behalf of the corporation owned solely by himself and his wife, intended to exercise the option to purchase *(see, Kaplan v Lippman,* 75 NY2d 320; *Pitkin Seafood v Pitrock Realty Corp.,* 146 AD2d 618).

Rodriguez has established as a matter of law that he is entitled to the relief sought *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, we grant summary judgment in favor of Rodriguez, and hereby remit the matter to the Supreme Court, Westchester County, for entry of a judgment directing the defendant Baker to specifically perform the contract. Since Rodriguez assigned the lease, including the option, to Marble Rest. Corp. prior to the time he attempted to exercise the option, we amend the caption by adding Marble Rest. Corp. as a party plaintiff.

In light of our determination, we decline to review the remaining issues raised on appeal. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.