[647 NYS2d 835]

AGUSTIN RODRIGUEZ et al., Appellants, v LAURENCE S. BAKER, Respondent, et al., Defendant.

Second Department, September 30, 1996

### APPEARANCES OF COUNSEL

*Greenspan & Greenspan,* White Plains, for appellants.
*Edward E. Mills,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

In 1987 the plaintiffs exercised an option to purchase property from the defendant Laurence S. Baker, pursuant to a lease agreement, approximately four months prior to the expiration of the lease *(see, Rodriguez v Baker,* 182 AD2d 751). Baker refused to convey the property, and the plaintiffs commenced this action. After years of litigation, during which the plaintiffs continued to make payments on a first mortgage and to pay the taxes on the property, this Court determined that the plaintiffs had properly exercised their option to purchase, and that Baker was required to sell the premises to the plaintiffs *(see, Rodriguez v Baker,* 182 AD2d 751, *supra).*

The matter was remitted to the Supreme Court for entry of an appropriate judgment. However, the court first referred the matter to a Referee to determine, under the terms of the option agreement, what portion of the purchase price had already been paid by the plaintiffs. During the period prior to entry of the judgment, the plaintiffs moved for an order of contempt to compel Baker to convey the property. The court entered an order of contempt, fining Baker approximately $30,000. Baker conveyed title to the property by deed dated February 1, 1993.

It is undisputed by the parties that under the terms of the lease, the plaintiffs were required to pay rent, which consisted, *inter alia,* of the monthly payment of a first mortgage against

the property, taxes, water charges, and insurance. The option agreement defined "rent" similarly. According to paragraph 1 (B) of the option agreement, the purchase price, which could not exceed $286,000, would consist of $61,000 in cash, an assumption of the existing first mortgage, and a subordinate purchase-money mortgage for the balance of the purchase price less the $61,000 cash payment, the remaining balance of the first mortgage, and all monies paid by the plaintiffs toward the "rent", i.e., the first mortgage, taxes, and water and utility bills after November 1, 1982 (see, Rodriguez v Baker, supra, at 752).

The plaintiffs contend that the Referee misinterpreted this provision by refusing to attribute to the purchase price all of the monies paid by the plaintiffs for the first mortgage and for taxes, and that in doing so, he has improperly charged the plaintiffs with sums in excess of the agreed-upon purchase price. We agree.

Relying upon paragraph 1 (H) of the option agreement, which stated that the obligations of the lessee under the lease ceased after the consummation of the sale, the Referee determined that the payments for the first mortgage and the taxes were not attributable to the purchase price, but rather, were rent payable to Baker under the lease. Thus, the Referee failed to attribute to the purchase price approximately $400,000 in payments made by the plaintiffs during the lease period and after the expiration of the lease up to the time of the conveyance of the property in 1993. Thus, the Referee concluded that only a portion of the purchase price had been paid, and the plaintiffs still owed Baker approximately half the purchase price.

In construing a contract, the document must be read as a whole to determine the parties' purpose and intent (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162), giving a practical interpretation to the language employed which conforms to the parties' reasonable expectations (see, Sutton v East Riv. Sav. Bank, 55 NY2d 550, 555; see also, Slamow v Del Col, 174 AD2d 725, affd 79 NY2d 1016). There are other provisions in the option agreement which, consistent with the language of the purchase price provision, construe payments made by the plaintiffs for the first mortgage, taxes, and other incidental payments as attributable to the purchase price. Moreover, it is illogical to interpret the option agreement to mean that if the lessor unlawfully delayed conveyance beyond the expiration of the lease term, as Baker did, the lessee would still be required to continue to pay rent.

Under the circumstances, the judgment is reversed, the orders entered July 26, 1995 and April 3, 1995 are vacated, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment which credits the plaintiffs with all of their payments toward the purchase price pursuant to paragraph 1 (B) of the option agreement.

In light of this determination it is unnecessary to reach the remaining issues on appeal.

MANGANO, P. J., MILLER, SULLIVAN and FLORIO, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, the orders entered July 26, 1995 and April 3, 1995 are vacated, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment which credits the plaintiffs with all of their payments toward the purchase price pursuant to paragraph 1 (B) of the option agreement.