■ MARY McVEY, Respondent-Appellant, v PETER SIMONE et al., Appellants-Respondents.—In an action, *inter alia,* for a declaratory judgment, the parties cross-appeal from a judgment of the Supreme Court, Westchester County, dated December 8, 1978, which, *inter alia,* declared that the plaintiff effectively exercised her option to renew her lease and that the rental for the period June 30, 1975 through June 30, 1985 shall be at the rate of $340 per month. Judgment reversed, on the law, with costs to the defendants, and it is declared (1) that the defendants did not waive their right to receive written notice from their tenant, plaintiff Mary McVey, of the exercise of her option to renew her lease and (2) that Mary McVey did not effectively exercise her option to renew her lease, and the complaint is otherwise dismissed. The plaintiff rented the subject premises from the defendants' predecessor in interest in 1970. The defendants purchased the property in May, 1973 subject to that lease. The 1970 lease was to run for five years and it gave the tenant an option to extend the lease for a 10-year

period at a monthly rental of $275. The tenant was to give the landlord written notice at least 30 days before the expiration of the lease in order to exercise her option. There is no dispute between the parties that written notice was never sent as required by the lease. However, plaintiff stated that she had a conversation with defendant Rosario Simone, the managing landlord, about the installation of new windows more than a month before the lease expired. In the course of that conversation, the plaintiff alleges she told him, "Rosario, * * * I guess you know I intend to stay and pick up the option." She claims that he said, "Don't worry about it." Rosario Simone stated that he remembers discussing the installation of windows with the plaintiff early in 1975, but denied discussing the lease with her. Plaintiff admitted she never exercised her option in the manner required by the lease and she does not claim that Rosario Simone expressly waived written notice. This leaves her with no recourse at law. She argues that she is entitled to equitable relief under the principles announced in *J. N. A. Realty Corp. v Cross Bay Chelsea* (42 NY2d 392). We disagree. In *J. N. A. (supra,* pp 397-399) the Court of Appeals stated that under certain circumstances equity may intervene to aid a tenant in possession who has failed to exercise an option when he might otherwise suffer a forfeiture, even if the tenant himself has failed to exercise his option through neglect or inadvertence. The court makes it clear, however, that the right to relief is limited to cases in which the plaintiff's failure is slight when compared to the hardship that a strict application of the law would impose (pp 399-400). In *J. N. A.* the option was to be exercised by sending written notice at least six months before the expiration date of the lease. The tenant attempted to exercise its option as required by the lease, but it did so within a month and a half of the end of the term of the lease, after the tenant was notified that the landlord expected it to vacate the premises. Thus, in *J. N. A.* the tenant's failure was relatively minor. It complied with all the requirements of the option clause but one, the six-month requirement. Here, plaintiff's failure is total; she never sent written notice although the lease expired in June, 1975, and she knew that the landlord deemed the option unexercised. She tentatively settled a landlord-tenant action by agreeing to execute a new lease for five years at a rental of $340 per month. She executed the new lease and began to pay the increased rent even though the landlord never executed and returned the lease. She continued on as a month-to-month tenant for approximately two years, and upon learning that the landlord was again seeking possession of the premises, she claimed there had been an oral exercise of the option. Under *J. N. A.,* equity may protect a tenant in possession from a forfeiture when he has inadvertently or negligently failed to comply with some relatively insubstantial or inconsequential requirement of an options clause. However, nothing in *J. N. A.* suggests that equity may reach out to find that a party has substantially complied with the terms of an option clause when he has not, or to rewrite the clause to suit one of the parties. A failure of the magnitude of this plaintiff's is only venial if the other party to the contract is willing to forgive it. While, by its nature, equitable right must always depend upon the facts of a particular case, under the circumstances here prevailing the power of equity should not intervene. Substantial noncompliance with the terms of an option clause cannot be rewarded by a judicial forgiveness that redounds to the detriment of the other party to the contract. Mangano, J. P., Gibbons, Rabin and O'Connor, JJ., concur.