■ JOSEPH GRUNBERG et al., Appellants, v GEORGE ASSOCIATES, Respondent. — Order, Supreme Court, New York County (Edward Greenfield, J.), entered May 24, 1984, denying plaintiffs' motion for a preliminary injunction and declaring that plaintiffs failed to timely exercise their option to renew the lease, is unanimously reversed, on the law and the facts and in the exercise of discretion, with costs, the declaratory judgment is vacated and the motion for a temporary injunction against interference with plaintiffs' occupancy of the premises is granted.

Plaintiffs' lease with the defendant's predecessor in interest required that the plaintiffs give written notice to the landlord by certified mail of their election to exercise the option to renew the lease no later than February 1, 1984. Plaintiffs assert that they gave written notice to the landlord in October, 1983 and January, 1984, albeit not by certified mail as required by the lease. Landlord has denied receiving these notices. Plaintiff gave written notice by certified mail on April 4, 1984 and demanded a renewal lease. The defendant refused to renew due to the alleged

late notice and sought repossession of the premises at expiration of the lease on June 30, 1984. Even though plaintiffs may have failed to timely exercise the option in accordance with the precise terms of the lease, such failure is not necessarily fatal to their request for relief.

Although it is a settled principle of law that a notice exercising an option is ineffective if it is not given within the time specified (*Sy Jack Realty Co. v Pergament Syosset Corp.*, 27 NY2d 449), in the case of a lease option, a tenant's " 'equitable interest is recognized and protected against forfeiture in some cases where the tenant has in good faith made improvements of a substantial character, intending to renew the lease, if the landlord is not harmed by the delay in the giving of the notice and the lessee would sustain substantial loss in case the lease were not renewed' [citation omitted]" (*J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 398). The Court of Appeals has held that a tenant is entitled to " 'the benefit of the rule or practice in equity which relieves against such forfeitures of valuable lease terms when default in notice has not prejudiced the landlord, and has resulted from an honest mistake, or similar excusable fault.' " (*J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 398, *supra*, citing *Jones v Gianferante*, 305 NY 135, 138.)

Plaintiffs claim to have made $25,000 in improvements to the leasehold, converting it from a beauty parlor into a retail gift boutique, and to have established valuable good will at the present location during the initial four years of the five-year lease term, all of which would be forfeited should equitable relief be denied. Moreover, they point out that the initial rental of $475 per month would be increased to $625 per month during the three-year renewal period. Special Term improvidently deemed the improvements by the tenants "minimal in comparison" to those made in *Chrysler Realty Corp. v Urban Investing Corp.* (100 AD2d 921), a case relied upon by the tenants below. While it is true that in *Chrysler* the improvements were the construction of a new building on vacant land at a cost of $870,000 under a 20-year lease, only $55,000, substantially less of an expenditure, was involved in *J. N. A.* (*supra*). Nevertheless, the court found in *J. N. A.* (*supra*) that there would be a forfeiture and that the gravity of such a loss would be out of all proportion to the gravity of the fault. The court concluded that under the circumstances of the case, the tenant would be entitled to equitable relief if there is no prejudice to the landlord. (*J. N. A. Realty Corp. v Cross Bay Chelsea, supra.*)

Here, the tenants contend that notice of their intention to exercise the option was given long before the February 1 cutoff

date and that they increased their insurance coverage and ordered a new line of merchandise for the summer months. By contrast, although the landlord denies having received the prior notices, it did in fact receive the notice sent in correct form some three months prior to the expiration of the tenants' lease. And while conclusory assertions are made concerning negotiations undertaken with prospective tenants in reliance on the tenants' failure to timely exercise their or his option properly, no evidentiary support of these assertions is offered. Thus, there has been no sufficient showing of prejudice to the landlord, on these papers, to warrant denying temporary relief to the tenants.

We note in passing that the record does not support Special Term's conclusion that there was not proper service of the order to show cause by which the application for injunctive relief was made. The affidavit of service is uncontradicted by a countervailing affidavit from the secretary who alleges that she was the person served or from David C. Gold, the person named in the affidavit of the process server as the person served. The fact that the answer contains an affirmative defense of lack of personal service and is verified by Gold is an insufficient foundation upon which to ground a conclusion of lack of service. Settle order. Concur — Sullivan, J. P., Asch, Silverman, Bloom and Alexander, JJ.