■ PEPE'S SHAMROCK, INC., et al., Respondents, v RUDOLPH VECCHIO et al., Appellants.—In an action seeking a declaration of the rights and duties under a lease, the defendants appeal from an order of the Supreme Court, Queens County (Leviss, J.), dated October 15, 1985, which granted the plaintiffs' motion for a preliminary injunction restraining them from seeking to dispossess the plaintiffs.

Ordered that the order is affirmed, with costs.

Pursuant to the terms of a 10-year lease commencing on or about April 1, 1975, the plaintiffs were afforded an option to renew for an additional 10-year period. As set forth in paragraph 49 of the rider attached to the parties' lease agreement, an attempt to renew would be operative only if the tenants provided the defendant landlords, via certified or registered mail, with written notice of their intent to exercise their option within 90 days of the expiration of the original term. It was further stipulated that the plaintiffs post, simultaneously with the exercise of their option to renew, an additional security of $1,500 to be held by the defendants.

At some point prior to 90 days before the expiration of the original 10-year term of the lease, the plaintiff P. Frank Mockler allegedly orally informed the defendant Rudolph Vecchio of the plaintiffs' intention to exercise the option of renewal. It is claimed that said defendant advised the plaintiffs that it was not necessary for the tenants to send a formal notice thereof. In reliance thereon, the plaintiffs did not send the formal written notice within the time period prescribed in paragraph 49.

It is undisputed that the defendants took no action until April 1, 1985, at which time they served the plaintiffs with a notice terminating their tenancy as of May 31, 1985. On or about April 11, 1985, the plaintiffs mailed to the defendants a written notice of the exercise of their option to renew as well as the $1,500 additional security. The plaintiffs claim that the defendants had actual and timely notice of the intent to exercise the option to renew as a result of oral communica-

tions between the parties. Under the circumstances, the granting of preliminary injunctive relief restraining the defendants from seeking to dispossess the plaintiffs was proper.

Upon review of the record, we find that the plaintiffs have satisfactorily pleaded the three elements necessary to maintain a cause of action for equitable relief, namely, (1) that the tenants' delay in exercising their option to renew was the result of an excusable default, (2) that the tenants had made substantial improvements on the premises and had a valuable interest in the leasehold interest, and (3) that the landlord had not been prejudiced by the delay (see, J. N. A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 397-400; Godnig v Belmont Realty Co., 124 AD2d 701).

In the event of their eviction from the subject commercial leasehold, the plaintiffs would stand to lose the improvements worth $275,000 made by them during the course of the lease term as well as the value of their customers' goodwill. As evidenced by the correspondence between the parties' lawyers, the defendants had contemplated that the plaintiffs would elect to renew. In view of the defendants' purported oral waiver of the written notice requirement and the fact that they have not returned either the additional security deposit or the rents proffered by the plaintiffs subsequent to the April 1, 1985 notice of cancellation, Special Term properly granted the plaintiffs' application for injunctive relief pending the outcome of the case. Under the circumstances, the prejudice to the defendants because of the plaintiffs' failure to timely submit a written notice of their intent to exercise the option to renew is clearly outweighed by the prejudice to the plaintiffs of the loss of the leasehold. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.