■ AMERICAN POWER INDUSTRIES, LTD., Respondent, v REBEL REALTY CORPORATION, Appellant.—In an action, *inter alia,* for a judgment declaring that the plaintiff had validly, properly and timely exercised its option to renew a lease, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated August 12, 1987, which, *inter alia,* is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed, with costs.

The plaintiff's five-year lease with the defendant's predecessor in interest contained an option to renew for a further five-year period which required that the plaintiff give written notice to the landlord by certified mail six months prior to the end of the term, which was May 31, 1986. The plaintiff did give written notice of its intention to renew to the defendant landlord on January 24, 1986, which was over four months prior to the expiration date of the lease. The defendant rejected the notice as untimely and sought to negotiate a new lease at a substantially higher rent.

In concluding that the plaintiff's delay in exercising the

option was excusable, the Supreme Court relied on the principle enunciated in *J. N. A. Realty Corp. v Cross Bay Chelsea* (42 NY2d 392). A tenant's " 'equitable interest is recognized and protected against forfeiture in some cases where the tenant has in good faith made improvements of a substantial character intending to renew the lease, if the landlord is not harmed by the delay in the giving of the notice and the lessee would sustain substantial loss in case the lease were not renewed' " *(J. N. A. Realty Corp. v Cross Bay Chelsea, supra,* at 398). One of the primary questions in determining whether to grant a tenant equitable relief is whether "the tenant [will] suffer a forfeiture if the landlord is permitted to enforce the letter of the agreement" *(J. N. A. Realty Corp. v Cross Bay Chelsea, supra,* at 395; *see also, TSS-Seedman's, Inc. v Nicholas,* 143 AD2d 223).

The option to renew was given in exchange for valuable consideration. The plaintiff agreed to effect substantial repairs and improvements to the leased property. The extent of the repairs and improvements, and the costs incurred demonstrated that the plaintiff anticipated a 10-year rather than a 5-year occupancy *(cf., Soho Dev. Corp. v Dean & DeLuca,* 131 AD2d 385; *Wayside Homes v Purcelli,* 104 AD2d 650).

We find no evidence of prejudice to the defendant landlord as a result of the notice given by the plaintiff *(see, Grunberg v George Assocs.,* 104 AD2d 745). Furthermore, the Supreme Court correctly determined from the evidence on record that the defendant did, in fact, have actual notice of the plaintiff's intention to renew the lease for the option period *(see, Tritt v Huffman & Boyle Co.,* 121 AD2d 531; *cf., McVey v Simone,* 73 AD2d 959). Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.