■ NANUET NATIONAL BANK, Respondent, v SARAMO HOLDING Co., Appellant.—In an action, *inter alia,* for a judgment declaring that the plaintiff effectively exercised its option to renew its lease with the defendant, the defendant appeals from a judgment of the Supreme Court, Rockland County (Reilly, J.H.O.), dated May 20, 1988, which, after a nonjury trial, *inter alia,* granted that relief.

Ordered that the judgment is affirmed, with costs.

The plaintiff bank, as lessee, and the West Pomona Grange No. 1381 Patrons of Husbandry (hereinafter the Grange), as lessor, entered into a lease on or about December 8, 1966, for the premises located at College Road and Route 59 in the Town of Ramapo. The 20-year term of the lease was to expire on December 31, 1986, and the plaintiff had an option to renew the lease for three additional 10-year terms. The lease required that the plaintiff give written notice to the Grange of its intention to renew at least 90 days prior to the expiration of the term.

Under the terms of the lease, the plaintiff also agreed to remove the then-existing buildings on the demised premises and to construct a two-story building designed to accommodate the plaintiff's banking facilities on the first floor and to provide a meeting room on the second floor for the use of the Grange. Additionally, the plaintiff was required to keep the building in good repair at its own expense with the exception of interior repairs to the portion of the building reserved for the Grange's use. In 1975 the Grange sold the property to the defendant.

Thereafter, the plaintiff notified the defendant, by letter dated October 8, 1986, of its intention to renew the subject lease for a 10-year term. By letter dated November 3, 1986, the defendant's attorneys advised the plaintiff that its purported exercise of the option to renew the lease was ineffective because it was not exercised within 90 days of the expiration

date of the original term, to wit, December 31, 1986. The defendant's attorneys stated that the defendant did not receive the letter dated October 8, 1986, seeking to exercise the option to renew the lease, until on or about October 17, 1986. However, they stated that, even assuming the letter was received on October 8, 1986, it was still six days late under the 90-day requirement in the lease.

The plaintiff thereafter commenced the instant action, *inter alia,* for a judgment declaring that it effectively exercised its option to renew the lease for an additional 10-year term. The defendant served an answer denying the essential allegations of the complaint and asserting counterclaims requesting, *inter alia,* a declaration that the plaintiff's tenancy terminated on December 31, 1986, and that the plaintiff was required to vacate the demised premises on or before December 31, 1986. Following a nonjury trial, the Supreme Court entered a judgment in favor of the plaintiff. We affirm.

It is undisputed that under the express terms of the parties' lease, the plaintiff's purported exercise of the option to renew was untimely since it was not made at least 90 days prior to the expiration of the original 20-year term. It has been recognized, however, that equity will intervene to relieve a tenant of the consequences of an untimely notice of an exercise of an option to renew a lease if (1) the tenant's failure to exercise the option in a timely fashion resulted from an honest mistake or inadvertence, (2) the nonrenewal of the lease would result in a substantial forfeiture to the tenant, and (3) the landlord would not be prejudiced by the renewal *(see, J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 399-400; *Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449; *Mass Props. Co. v 1820 N. Y. Ave. Corp.,* 152 AD2d 727; *Tritt v Huffman & Boyle Co.,* 121 AD2d 531, 532). In the case at bar, we conclude that each of these conditions was satisfied and, thus, the plaintiff was entitled to equitable relief.

The evidence adduced at trial established, in the first instance, that the president of the plaintiff bank inadvertently neglected to timely notify the defendant of the plaintiff's exercise of the option to renew within the time frame set forth in the lease, and that, upon learning of his oversight, he immediately notified the defendant by certified mail. Secondly, the evidence demonstrated that the plaintiff had expended approximately $180,000 in the construction of the two-story building and had spent additional sums for improvements and repairs over the original 20-year term. The demised premises had also been constructed to suit the plaintiff's particular

needs, and, over the 20 years that the plaintiff had been located at the demised premises, it had developed a clientele of approximately 1,500 customers. Notably, the plaintiff did not maintain another branch office within the Town of Ramapo. In view of the plaintiff's financial investment in the demised premises as well as the goodwill which the plaintiff has acquired at that location, it is clear that a substantial forfeiture would result to the plaintiff if the renewal is not permitted *(see, Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449, 453, *supra; Pepe's Shamrock v Vecchio,* 128 AD2d 599; *Tritt v Huffman & Boyle Co.,* 121 AD2d 531, *supra; Chrysler Realty Corp. v Urban Investing Corp.,* 100 AD2d 921).

Further, we agree with the Supreme Court's conclusion that the defendant did not establish that it would suffer prejudice by the renewal of the lease, other than the possible loss of a financial windfall. Significantly, the defendant obtained the assignment of the lease with full knowledge of the plaintiff's options to renew the lease for three additional 10-year terms. It is also clear that, despite the receipt of the plaintiff's late renewal notice, the defendant was relying on the fact that plaintiff's responsibilities under the lease would continue in full force and effect after the January 1, 1987 renewal date. This conclusion is supported by the fact that by letter dated December 19, 1986, only 12 days before the expiration of the original term of the lease, the defendant notified the plaintiff of several major repairs which the defendant expected the plaintiff to undertake at the demised premises, including installation of a new roof, exterior painting, the removal of a large tree in the parking lot and the repavement of the parking lot. Similarly, there is no evidence that the defendant made other commitments in relation to the demised premises based on the expectation that the plaintiff's lease would expire on December 31, 1986. Accordingly, in the absence of any indication that the defendant was relying on the nonrenewal of the plaintiff's lease, it should not be permitted to exact a substantial forfeiture based on the plaintiff's brief delay in complying with the notice requirement *(see, J. N. A. Realty Corp. v Cross Bay Chelsea, supra,* at 400; *Grunberg v George Assocs.,* 104 AD2d 745, 747). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.