■ BENCH 'N' GAVEL RESTAURANT, LTD., Respondent, v TIME EQUITIES, INC., et al., Appellants.—In an action, *inter alia,* for a judgment declaring that the plaintiff has effectively exercised its option to renew its lease, the defendants appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated November 4, 1988, which, after a nonjury trial, granted that relief.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of whether the appellants would be prejudiced by excusing the plaintiff's delay in exercising an option to renew the subject lease, and a new determination in accordance herewith.

The plaintiff Bench 'N' Gavel Restaurant, Ltd. (hereinafter the tenant) and the defendants, Remsen Street Equities Group and Time Equities, Inc. (hereinafter referred to collectively as the landlord), entered into an agreement on May 14, 1984,

whereby the landlord consented to the assignment of a lease to commercial space located at 159-161 Remsen Street to the tenant. The lease which was assigned contained a provision which stated, in pertinent part, that "the Landlord hereby gives to the Tenant * * * an option to renew for period of five years from 6/1/86 to 5/30/91 at an annual rent of $15,000.00". On June 1, 1986, the tenant failed to tender the increased rent due under the renewal, and the landlord continued to bill the tenant at the old rental rate. Several months later, upon discovering the error, the attorney for the tenant mailed the landlord a check representing the difference between the rent due prior to June 1, 1986, and the rent due under the lease renewal. The landlord, however, returned the check with a letter informing the tenant that it was treating the tenant as a month-to-month tenant due to its failure to comply with the terms of the option to renew the lease. The landlord commenced a summary holdover proceeding and served the tenant with a notice to vacate the premises. In turn, the tenant commenced the instant action, *inter alia,* for a judgment declaring its rights under the lease. Subsequently, the summary holdover proceeding was consolidated into the instant action, and a trial was held thereon.

In the judgment appealed from, the Supreme Court declared that the tenant had effectively exercised the option to renew the lease for five years and that the lease was in effect until 1991 with an additional five-year renewal option available to the lessee. In concluding that the tenant's delay in giving notice was excusable, the Supreme Court relied on the principle enunciated in *J. N. A. Realty Corp. v Cross Bay Chelsea* (42 NY2d 392), which basically provides that in the case of an option to renew a lease, a tenant's equitable interest must be recognized and protected against forfeiture where the tenant's default in providing notice has resulted from an honest mistake or similar excusable fault, where the tenant has made substantial improvements to the leasehold, intending to renew the lease, where the landlord has not been prejudiced by the tenant's delay in giving notice, and where the tenant would sustain a substantial loss if the lease were not renewed.

In the case at bar, the testimony at trial established that the tenant had made improvements to the premises and would suffer a loss if the lease was not renewed. The tenant had purchased the business and lease of the premises for $125,000 and had expended another $100,000 to have the store gutted and transformed from an Italian take-out deli into a coffee shop. Twenty-eight booths, a 20-foot long counter, a complete

kitchen and men's and ladies' bathrooms had been installed. Since the tenant had only purchased the premises in 1984, its purchase of the business, as well as its substantial improvements to the premises, had obviously been predicated on its ability to renew the lease for at least another five years in 1986. Moreover, the tenant had been able to create enough goodwill to enable it to obtain a contract to sell the business for $255,000. Thus, contrary to the contention of the landlord, the tenant made out a prima facie case for equitable relief *(see, Nanuet Natl. Bank v Saramo Holding Co.,* 153 AD2d 927; *American Power Indus. v Rebel Realty Corp.,* 145 AD2d 454; *Pepe's Shamrock v Vecchio,* 128 AD2d 599).

However, there is insufficient evidence in the record to be able to determine whether the landlord would be prejudiced by excusing the tenant's delay in exercising the option. Although the trial court at first ruled that the landlord's attorney could proceed to establish prejudice, through a series of subsequent rulings it effectively prevented him from doing so. Accordingly, a new trial is required in order to resolve this issue *(see, J. N. A. Realty Corp. v Cross Bay Chelsea, supra).*
Sullivan, J. P., Eiber, Balletta and O'Brien, JJ., concur.