■ DUTCHESS RADIOLOGY ASSOCIATES, P. C., Respondent, v FANNY NAROTZKY, Appellant. [597 NYS2d 238] —Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Jiudice, J.), entered January 28, 1992 in Dutchess County, which, *inter alia,* declared that plaintiff's equitable interest in exercising a lease renewal with defendant has not been forfeited.

Plaintiff failed to timely exercise an option to renew that was included in a lease between the predecessors of plaintiff and defendant. When a belated attempt by plaintiff to exercise the renewal option was rejected by defendant, plaintiff commenced this action seeking, *inter alia,* a declaration that its equitable interest in exercising the lease renewal for an additional six-year period was not forfeited even though it failed to exercise the option to renew in a timely manner. Supreme Court granted the requested relief and this appeal by defendant ensued.

Principles of law establish that the failure to timely notify a landlord of an intention to exercise an option to renew a lease will forfeit a tenant's right to renew *(see, Niagara Frontier Servs. v Thress,* 109 AD2d 1089). Courts have recognized, however, that principles of equity can intervene to relieve a tenant from such untimely notice if (1) the tenant's failure is the result of inadvertence, (2) the tenant has made valuable and substantial improvements to the property with the intent to renew the lease, (3) the tenant would sustain a substantial loss if the lease is not renewed, and (4) the landlord is not prejudiced by the delay in notice *(see, J.N.A. Realty v Cross Bay Chelsea,* 42 NY2d 392, 397-399; *Nanuet Natl. Bank v Saramo Holding Co.,* 153 AD2d 927, 928, *lv denied* 75 NY2d 705; *Hunt v Carlson,* 136 AD2d 853, 854-855).

There is nothing in the record to contradict plaintiff's assertion that its failure to timely notify defendant was the

result of inadvertence and honest mistake *(see, Tritt v Huffman & Boyle Co.,* 121 AD2d 531, 532, *lv denied* 68 NY2d 611). In addition, plaintiff made substantial improvements to the premises in order to adapt them to its specialized and particular use. These improvements, which cost approximately $500,000, were structural and, therefore, permanent in nature *(cf., Soho Dev. Corp. v Dean & DeLuca,* 131 AD2d 385, 387). Plaintiff also leased and had installed a magnetic resonance imaging scanner which cost $1,206,000. To move this machine would not only require plaintiff to remove part of a wall, but it would cost plaintiff thousands of dollars to alter new premises to fit its specifications. The record also reveals that the original parties to the lease realized the need for and anticipated a long-term, stable relationship *(see, American Power Indus. v Rebel Realty Corp.,* 145 AD2d 454, 455). In light of these facts, we find that a substantial forfeiture would result if plaintiff is not permitted to renew the lease *(see, J.N.A. Realty v Cross Bay Chelsea, supra; Nanuet Natl. Bank v Saramo Holding Co., supra).*

Finally, defendant's assertions that she has a prospective tenant to take over the premises at an increased rate are not supported by the record. She has therefore failed to sufficiently prove that she will be prejudiced if plaintiff is granted the requested relief *(see, Hunt v Carlson, supra,* at 855; *Grunberg v George Assocs.,* 104 AD2d 745, 747).

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.