■ NETWORK FINANCIAL PLANNING, INC., Respondent, v PRUDENTIAL-BACHE SECURITIES, INC., et al., Appellants. [599 NYS2d 1000] —In an action, *inter alia,* for a permanent injunction and to recover damages for fraud and misrepresentation, the defendants appeal from an order of the Supreme Court,

Suffolk County (Cannavo, J.), dated March 29, 1991, which granted the plaintiff's motion for a preliminary injunction, without a hearing, and enjoined them from contacting the plaintiff's customers.

Ordered that the order is reversed, as a matter of discretion, with costs, and the motion is denied.

In order to prevail upon a motion for a preliminary injunction, the moving party has the burden of proving, by clear and convincing evidence, that (1) the movant will succeed on the merits of the action, (2) the movant will suffer irreparable injury absent the issuance of a preliminary injunction, and (3) the balance of equities is in favor of the movant *(see, Price Paper & Twine Co. v Miller,* 182 AD2d 748, 749; *see,* CPLR 6301; *Grant Co. v Srogi,* 52 NY2d 496; *Walter Karl, Inc. v Wood,* 137 AD2d 22). The movant's bare and conclusory allegations in this case are clearly insufficient to support the granting of a preliminary injunction *(see, Walter Karl, Inc. v Wood, supra; Kaufman v International Bus. Machs. Corp.,* 97 AD2d 925, 926, *affd* 61 NY2d 930). There are sharp factual disputes as to key issues which preclude a finding of the movant's likelihood of success on the merits, irreparable injury, or a balancing of the equities in the movant's favor *(see, Schneider Leasing Plus v Stallone,* 172 AD2d 739, 740). Under the circumstances, we find that the granting of the plaintiff's application constituted an improvident exercise of discretion. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.