■ DAN'S SUPREME SUPERMARKETS, INC., Respondent, v REDMONT REALTY COMPANY, Appellant. [628 NYS2d 790] —In an action for a judgment declaring, inter alia, that the plaintiff effectively exercised an option to renew a lease, the defendant appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated July 18, 1994, which granted the plaintiff's motion to preliminarily enjoin the defendant from, inter alia, leasing the subject premises to another party.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for a preliminary injunction is denied.

The plaintiff operated a supermarket on premises it leased from the defendant. Pursuant to the lease, the plaintiff had the option of renewing the lease term, provided that it exercised the renewal option prior to June 30, 1993. Notably, the lease provision governing exercise of the option states, inter alia, that "[f]ailure to comply strictly" with the terms of the option may be deemed a "waiver of the options herein granted". It is undisputed that the plaintiff first attempted to exercise the lease option some nine months after the deadline set forth in the lease had passed. According to the plaintiff, its failure to timely exercise the option was an oversight.

When the defendant rejected the plaintiff's untimely attempt to exercise the option, the plaintiff commenced this action seeking a declaration, inter alia, that it should be excused from any failure to timely notify the defendant of its election to exercise the renewal option. At about the same time it commenced this suit, the plaintiff made application for a preliminary injunction seeking to preclude the defendant from interfering with its leasehold by renting the premises to another party. In support of this application, the plaintiff argued, inter alia, that it had made major improvements to the premises and would sustain a substantial forfeiture if the lease were terminated.

In opposition to the motion, the defendant introduced evidence establishing that it had been negotiating with another large supermarket chain, the Great Atlantic and Pacific Tea Company, Inc. (hereinafter A & P), and that a deal was im-

minent for the subject premises at a higher rental amount. Specifically, the record demonstrates that many of the key lease terms had been agreed upon; that the proposal had been submitted to, and approved by, A & P's "Real Estate Board"; and that the final step in the approval process, approval by A & P's Board Chairman, had taken place shortly thereafter. The Supreme Court granted the plaintiff's application for a preliminary injunction. We reverse.

"It is well established that a notice exercising an option is ineffective if it is not given within the time specified * * * Equity will intervene, however, to relieve a tenant of the consequences of an untimely notice of an option to renew a lease where (1) the tenant's failure to exercise the option in a timely fashion resulted from an honest mistake or inadvertence, (2) the nonrenewal of the lease would result in a substantial forfeiture by the tenant, and (3) the landlord would not be prejudiced by the renewal" (Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp., 166 AD2d 435, 437; see, J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392; Dutchess Radiology Assocs. v Narotzky, 192 AD2d 1049; Matter of Home of Histadruth Ivrith v State of N. Y. Facilities Dev. Corp., 114 AD2d 200, 207).

The relevant authorities establish that the equitable remedy sought by the plaintiff is available only if, inter alia, it can be demonstrated that the landlord would suffer no prejudice (see, J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d, supra, at 400; Godnig v Belmont Realty Co., 124 AD2d 701; see also, Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573, 579; Hunt v Carlson, 136 AD2d 853; cf., McVey v Simone, 73 AD2d 959, 960). Here, however, the record establishes that the defendant entered into negotiations with A & P for the premises, that A & P's internal approval processes had been completed, and that the execution of a new lease agreement was imminent. Contrary to the plaintiff's contentions, the inability to consummate a valuable lease because of the unavailability of the premises would clearly be prejudicial to the defendant. Under these circumstances, the plaintiff has failed to establish its entitlement to injunctive relief (see, Network Fin. Planning v Prudential-Bache Sec., 194 AD2d 651; cf., Matter of Home of Histadruth Ivrith v State of N. Y. Facilities Dev. Corp., 114 AD2d 200, 207, supra). Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.