94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harlan D. DOUGLASS; Maxine H. Douglass,
Plaintiffs-Appellees, Cross-Appellants,
v.
Charles F. CONNELL; Julia K. Connell, husband and wife,
individually and as successor-in-interest; Virginia
Dullanty, each as their separate property; Patricia
Schuller, each as their separate property,
Defendants/Third-Party-Plaintiffs/Appellants, Cross-Appellees,
v.
UNITED STATES POSTAL SERVICE,
Third-Party-Defendant/Appellee, Cross-Appellee.
 No. 95-35110, 95-35122.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided Aug. 14, 1996.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and REA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Julia K. Connell, on her own behalf and as successor in interest to her deceased husband, Charles F. Connell, challenges the district court's decision to reinstate a ground lease. Connell further argues that the Postal Service's building lease was a sublease of the ground lease and therefore expired when the ground lease did. Finally, Connell argues that the trial court improperly denied her request for attorneys' fees. On cross-appeal, Harlan and Maxine Douglass contend that the district court erred in holding that they failed to renew the ground lease. In addition, they argue that the district court erred in raising the ground rent payable to Connell. We affirm the renewal of the lease, but reverse the increase in rent.
 
 BACKGROUND
 
 4
 The Connells, the owners of the land, entered into an Assignable Ground Lease with the U.S. Postal Service for a term of fifteen years, with the option to renew eight times in five-year intervals. The Assignable Ground Lease had the following provision:
 
 
 5
 The option of renewing this lease shall be exercised by causing to be delivered to the Owner, by certified or registered mail, written notice of renewal and said notice shall be mailed to the Owner at least sixty (60) days prior to commencement of such renewal period.
 
 
 6
 The Assignable Ground Lease indicated the parties' intention that the Postal Service would assign the lease to a tenant, who would construct a Post Office building.
 
 
 7
 The Postal Service, in turn, assigned the Ground Lease to the Douglasses. Later that year, the Douglasses, to finance the construction of the Post Office building, contacted an institution which requested that they exercise the first two five-year renewal options. By certified mail, the Douglasses sent a letter and attached a document purporting to exercise the first two renewal options ("the 1971 renewal letter"). The parties contest whether the letter was signed, but agree that the attached document never was signed. The Douglasses did not respond to the Connells' attorney's request to sign the documents, and ultimately the Douglasses obtained financing from an institution that did not require that the first two options be exercised.
 
 
 8
 The Douglasses constructed a Post Office building and leased it to the Postal Service pursuant to a "building lease."
 
 
 9
 The Douglasses properly exercised the first five-year option on the Assignable Ground Lease. They state that they could not locate the 1971 renewal letter, so they sent a letter in 1991 to exercise the second five-year renewal option ("the 1991 renewal letter"). They sent the letter to the wrong address, however, and never received a delivery receipt.
 
 
 10
 Notice of the exercise of the second five-year option was due by November 1, 1992, and the first five-year renewal period ended on December 31, 1992. In April 1993, an employee of the Douglasses sent a memorandum to the Connells noting that the rent on the Assignable Ground Lease had increased beginning January 1, 1993. The following month, the Connells' attorney notified the Douglasses that the Assignable Ground Lease was terminated for failure to renew. The Douglasses FAXed a copy of the 1991 renewal letter, but the Connells' attorney refused to accept this delivery as an exercise of the second renewal option. The Douglasses then brought this action.
 
 ANALYSIS
 
 11
 I. The district court properly held that the Douglasses did not give timely notice of renewal.
 
 
 12
 The district court properly concluded that neither the 1971 renewal letter nor the 1991 renewal letter gave timely notice of renewal. With respect to the 1971 renewal letter, the fact that the Douglasses sent a letter and attachment without a signature, requesting that the Connells sign the attachment first and return it for the Douglasses' signature, suggests that the Douglasses did not "indicate a definite, unequivocal, and unqualified determination" to exercise the two renewal options. Jones v. Dexter, 292 P.2d 369, 371 (Wash.1956). Moreover, the district court properly found that the 1991 renewal letter did not serve to give timely notice of renewal because the Douglasses sent the 1991 renewal letter to the wrong address and never received a delivery receipt. Because the Douglasses failed to give timely notice to renew, the district court properly held that the Douglasses failed to exercise the second five-year renewal option in accordance with the terms of the Ground Lease. See Wharf Restaurant, Inc. v. Port of Seattle, 605 P.2d 334, 340 (Wash.App.1979) (citing Jones, 292 P.2d at 371) (right of renewal is generally lost if the lessee fails to give notice by a specific time in accordance with the provisions of the lease).
 
 
 13
 II. The district court properly used its equitable powers to reinstate the ground lease.
 
 
 14
 We review this issue for an abuse of discretion. Heckman Motors, Inc. v. Gunn, 867 P.2d 683, 685 (Wash.App.1994) ("Whether equity requires [an exception to the general rule that an option must be exercised timely or it is lost] is in large part a matter addressed to the discretion of the trial court....").
 
 
 15
 Although the right of renewal generally is lost if the lessee fails to give notice by a specific time in accordance with the provisions of the lease, Wharf provides an exception to this general rule. Wharf, 605 P.2d at 340-41. The district court did not abuse its discretion by concluding that five "special circumstances" enumerated in Wharf, taken together, justify granting specific performance of the expired lease. It is true that the delay in notice in the present case was very lengthy (because the Douglasses thought that the renewal they mailed was effective), but all of the other factors of Wharf heavily favor the Douglasses: (1) the failure to give notice was purely inadvertent; (2) an inequitable forfeiture of the Douglasses investment would result if equity did not intervene; (3) the Connells did not change their position or otherwise suffer prejudice as a result of the failure to give notice; and (4) the lease was for a long term. See id. at 341 (discussing the five factors). Taken together, the Wharf factors support the district court's decision to effectuate the renewal.
 
 
 16
 III. The district court erred by raising the ground rent payable to the Connells.
 
 
 17
 The district court erred by raising the ground rent absent fraud, accident, or mistake. See Hedges v. Dixon County, 150 U.S. 182, 189 (1893) ("It is ... well settled ... that a court of equity, in the absence of fraud, accident, or mistake, cannot change the terms of a contract."); see also Miller v. Pacific First Federal Savings & Loan Ass'n, 545 P.2d 546, 549 (Wash.1976). The Wharf court did not alter the rent when it reinstated the lease, Wharf, 605 P.2d at 339-42, and we have found no precedent in the State of Washington for doing so. Moreover, examples from other jurisdictions make clear that a court that reinstates a lease generally does not alter the rent. See, e.g., Duncan v. G.E.W., Inc., 526 A.2d 1358, 1365 (D.C.1987) (reinstating lease without altering rent); Nanuet Nat'l Bank v. Saramo Holding Co., 545 N.Y.S.2d 734, 735-36 (N.Y.App.1989) (same).
 
 
 18
 IV. The district court properly held that the building lease is unaffected by this action.
 
 
 19
 The district court's order provided that "the Assignable Ground Lease shall continue as if the Douglasses gave proper notice to renew under the second option." The effect of that order, which today we affirm, is to deny any interruption in the Ground Lease term. As a consequence, the building lease remains intact and unaffected by the Douglasses' late notice.
 
 
 20
 V. Connell is not entitled to attorneys' fees.
 
 
 21
 Connell is not entitled to attorneys' fees because she is not a prevailing party. Cf. Rettkowski v. Department of Ecology, 910 P.2d 462, 465-66 (Wash.1996) (stating the circumstances under which the "prevailing party" may recover attorneys' fees).
 
 CONCLUSION
 
 22
 We affirm the district court's determination that the Douglasses failed to renew the ground lease. We also affirm the district court's reinstatement of the lease, determination that the building lease remains intact, and refusal to award attorneys' fees. We reverse the district court's adjustment of the rent. The district court is therefore
 
 
 23
 AFFIRMED IN PART AND REVERSED IN PART.
 
 
 24
 The parties will bear their own costs.
 
 
 
 *
 The Honorable William J. Rea, United States District Judge for the District of Central California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3