■ PARK TYSEN ASSOCIATES, Appellant, v DOLLINGER, GONSKI, GROSSMAN, PERMUT & HIRSCHHORN, Respondent. [654 NYS2d 317] —In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Roberto, J.), entered December 11, 1995, as, upon an order of the same court dated October 3, 1995, granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the order is vacated, the complaint is reinstated, and the defendant's motion for summary judgment is denied.

There is conflicting evidence as to whether or not the defen-

dant acted reasonably in failing to include a counterclaim for unjust enrichment in the answer it prepared and served on behalf of the plaintiff in the plaintiff's now-settled action with Waldbaum, Inc. (hereinafter Waldbaum), and whether or not the plaintiff was damaged thereby (*see, Lattimore v Bergman,* 224 AD2d 497). The plaintiff has also shown the existence of a factual question as to whether or not the defendant acted reasonably, upon the granting of its motion to change venue to Richmond County, in failing to calendar and/or challenge Waldbaum's motion for a preliminary injunction and the temporary stay granted to Waldbaum pending such determination. Finally, there is a question as to whether such failure, if any, damaged the plaintiff (*cf., Dan's Supreme Supermarkets v Redmont Realty Co.,* 216 AD2d 512). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320, and the cases cited therein). Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.