■ DAN'S SUPREME SUPERMARKETS, INC., Appellant, v REDMONT REALTY COMPANY, Respondent. [658 NYS2d 444] —In an action for a judgment declaring that the plaintiff effectively exercised an option to renew a lease, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court,

Queens County (Lisa, J.), entered October 31, 1996, which granted the defendant's motion for summary judgment dismissing the complaint and declared that the plaintiff had failed to effectively exercise its option to renew the lease.

Ordered that the order and judgment is affirmed, with costs.

The general rule is that a tenant who fails to timely exercise an option to renew a lease is without a remedy at law. However, equity will intervene to relieve a tenant from the consequences of the tenant's inadvertence or neglect to timely exercise a renewal option so long as there is no prejudice to the landlord (*J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 399-400; *Tritt v Huffman & Boyle Co.*, 121 AD2d 531, 532). A landlord suffers prejudice when, after the tenant's default, the landlord, in relying on the agreement, in good faith, makes other commitments for the premises (*J.N.A. Realty Corp. v Cross Bay Chelsea, supra,* at 400). "The inability to consummate a valuable lease because of the unavailability of the premises would clearly be prejudicial to the [landlord]" (*Dan's Supreme Supermarkets v Redmont Realty Co.*, 216 AD2d 512, 513).

Here, the defendant was already in negotiations with a prospective tenant when this case was before us on the defendant's appeal from an order which granted the plaintiff's motion for a preliminary injunction (*Dan's Supreme Supermarkets v Redmont Realty Co., supra*). The record indicates that those negotiations have since ripened into a fully executed lease. The lease with the new tenant yielded the defendant a higher rent and an expansion and improvement of the subject premises. Clearly, equity cannot be invoked in this case since the defendant would be prejudiced if it were estopped from leasing the premises to the new tenant (*cf., Dutchess Radiology Assocs. v Narotzky*, 192 AD2d 1049, 1050; *Grunberg v George Assocs.*, 104 AD2d 745, 746).

The plaintiff's contention that the defendant acted in bad faith because it had knowledge of the plaintiff's intent to extend the lease when it entered into negotiations with the prospective tenant is based on unsupported speculations (*compare, Nanuet Natl. Bank v Saramo Holding Co.*, 153 AD2d 927, 929; *Tritt v Huffman & Boyle Co., supra,* at 532-533), and therefore cannot be sustained. Absent any issues as to material facts, summary judgment was properly granted.

The plaintiff's remaining contentions are without merit. Miller, J. P., Copertino, Krausman and Florio, JJ., concur.