■ ROBERT O'MALLEY, Respondent, v MICHAEL RUGGIERO, Appellant. [667 NYS2d 531] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff attempted to exercise an option to renew his lease with defendant after it had expired. After his attempt was rejected by defendant, plaintiff commenced this action seeking judgment declaring that he duly exercised the option to renew the lease and an injunction prohibiting defendant from commencing a proceeding to recover possession of the leased premises or otherwise interfering with plaintiff's quiet enjoyment of the premises.

Defendant moved and plaintiff cross-moved for summary judgment. Supreme Court denied defendant's motion, granted plaintiff's motion and granted judgment declaring that plaintiff duly exercised the option to renew. We conclude that the court erred and that neither party is entitled to summary judgment.

The general rule is that a tenant who fails to exercise an option to renew a lease in a timely manner "is without a remedy at law" (*Dan's Supreme Supermarkets v Redmont Realty Co.*, 240 AD2d 460, 461; *see, J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 396-397). Equity will intervene, however, to relieve a tenant from the consequences of an untimely renewal notice where (1) the tenant's failure or delay was the result of inadvertence or an honest mistake, (2) the tenant made valuable and substantial improvements to the leased premises with the intent to renew the lease, (3) the nonrenewal would result in a substantial loss to the tenant, and (4) the landlord would not be prejudiced by the delay in notice of renewal (*see, Dutchess Radiology Assocs. v Narotzky*, 192 AD2d 1049; *see also, Nanuet Natl. Bank v Saramo Holding Co.*, 153 AD2d 927, 928, *lv denied* 75 NY2d 705).

The initial burden of plaintiff on his cross motion was to establish entitlement to judgment as a matter of law with respect to all four factors necessary to warrant equity's intervention (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Even assuming, arguendo, that he did so, issues of fact are raised at least concerning the second factor, the extent of plaintiff's improvements to the leased premises, and the court

erred in granting the cross motion. We reject the contention of defendant that his motion should have been granted, however. Defendant failed to meet his initial burden of establishing entitlement to judgment as a matter of law with respect to factors one, three and four, and plaintiff raised issues of fact with respect to factor two.

We therefore modify the order and judgment by deleting that portion of the first decretal paragraph that granted plaintiff's motion for summary judgment and by deleting the second and third decretal paragraphs. (Appeal from Order and Judgment of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.