■ STREET BEAT SPORTSWEAR, INC., Respondent, v WATERFRONT REALTY Co., Appellant. [775 NYS2d 160]—

In an action, inter alia, for a judgment declaring, in effect, that the plaintiff validly exercised its option to extend a commercial lease and is entitled to the use of six specified parking spaces, the defendant appeals from stated portions of a judgment of the Supreme Court, Kings County (Harkavy, J.), entered October 16, 2002, as, after a nonjury trial, inter alia, declared that the plaintiff validly exercised its option and is entitled to the use of the six parking spaces.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The determination of a court after a nonjury trial should not be disturbed on appeal unless it is clear that the determination could not have been reached under any fair interpretation of the evidence (*see Loucopoulos v 482 Mill Rd. Assoc.*, 2 AD3d 411 [2003]). Here, the evidence adduced at trial supported the Supreme Court's determinations that the plaintiff's 11-day delay in exercising the option to extend the lease was the result of negligence or inadvertence, that the plaintiff would suffer a substantial forfeiture if the lease was not renewed, and that the defendant would not be prejudiced if the lease was renewed.

Under such circumstances, equity will intervene to relieve a tenant from the consequences of its negligent or inadvertent failure to give timely notice of its exercise of an option to extend a lease (*see J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392 [1977]; *Dutchess Radiology Assoc. v Narotzky,* 192 AD2d 1049 [1993]; *Nanuet Natl. Bank v Saramo Holding Co.,* 153 AD2d 927 [1989]; *American Power Indus. v Rebel Realty Corp.,* 145 AD2d 454 [1988]). The evidence also supported the Supreme Court's determination that the plaintiff was entitled to the use of six specified parking spaces. Accordingly, the Supreme Court properly declared that the plaintiff validly exercised its option to the extend the lease and was entitled to the use of six specified parking spaces.

The defendant's remaining contentions are without merit. S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.