538

In an action for a judgment declaring that the plaintiff effectively exercised its option to renew a lease, the defendant appeals from so much of an order of the Supreme Court, Kings County (Martin, J.), dated February 17, 2004, as denied its motion for summary judgment declaring that the plaintiff did not effectively exercise its option and for summary judgment on its counterclaim for an award of an attorney's fee and costs.

Ordered that the order is modified, on the law, by (1), upon searching the record, deleting the provision thereof denying the plaintiff's cross motion for summary judgment on the complaint and substituting therefor a provision granting the cross motion, and (2) adding thereto provisions searching the record and awarding the plaintiff summary judgment dismissing the defendant's counterclaim for an award of an attorney's fee and costs; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff effectively exercised its option to renew the subject lease.

On February 20, 1998, the defendant leased commercial premises in downtown Brooklyn to the Jesson Group, Inc. (hereinafter Jesson), for an initial period of five years. The subject lease gave Jesson the option to renew the lease for six additional five-year terms. Jesson sold its rights under the lease for the sum of $550,000, and its rights were later assigned to the plaintiff. The plaintiff expended approximately $300,000 for improvements to the premises, which now houses a fast-food restaurant. Although the lease required the plaintiff to provide the defendant with written notice of its intention to exercise the first renewal option on or before September 1, 2002, it is undisputed that the plaintiff did not send its renewal notice until November 18, 2002. The defendant rejected the plaintiff's notice as untimely, prompting the plaintiff to commence this action seeking a judgment declaring that it effectively exercised

its option to renew the lease. The defendant subsequently moved for summary judgment declaring that the plaintiff did not effectively exercise its option, and for summary judgment on its counterclaim for an award of an attorney's fee and costs, and the plaintiff cross-moved for summary judgment on the complaint. The Supreme Court denied both the motion and cross motion, and the defendant appeals.

Although it is undisputed that the plaintiff failed to timely exercise its option to renew the subject lease, equity will intervene to relieve a tenant of the consequences of an untimely renewal notice where (1) the tenant's failure or delay was the result of inadvertence or an honest mistake, (2) the nonrenewal would result in a substantial loss to the tenant, and (3) the landlord would not be prejudiced by the delay in notice of renewal (*see J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392 [1977]; *Street Beat Sportswear v Waterfront Realty Co.,* 6 AD3d 693 [2004]; *Comprehensive Health Solutions v Trustco Bank, N.A.,* 277 AD2d 861 [2000]; *O'Malley v Ruggiero,* 245 AD2d 1129 [1997]; *Dan's Supreme Supermarkets v Redmont Realty Co.,* 216 AD2d 512 [1995]). Here, in support of its motion for summary judgment and in opposition to the cross motion, the defendant came forward with no evidence to refute the plaintiff's claim that its failure to give timely notice of its intent to renew was inadvertent (*see Dutchess Radiology Assoc. v Narotzky,* 192 AD2d 1049 [1993]). Moreover, the plaintiff's uncontroverted evidence that it expended $550,000 to acquire the former tenant's rights over two years after the initial term of the lease had commenced, as well as approximately $300,000 on improvements, demonstrate that the plaintiff will suffer a substantial forfeiture if the lease is not renewed (*see P.L. Dev. v Fetterman,* 293 AD2d 657 [2002]; *Dutchess Radiology Assoc. v Narotzky, supra; Bench 'N' Gavel Rest. v Time Equities,* 169 AD2d 755 [1991]; *Nanuet Natl. Bank v Saramo Holding Co.,* 153 AD2d 927, 928 [1989]). We also note that if the lease is not renewed, the plaintiff will lose the goodwill it shares with the community and its customer base (*see J. N. A. Realty Corp. v Cross Bay Chelsea, supra,* at 399-400; *Nanuet Natl. Bank v Saramo Holding Co., supra*). In addition, the defendant offered no evidence that it was prejudiced by the plaintiff's late notice, which it received approximately four months before the initial five-year term of the lease was due to expire (*see Beltrone v Danker,* 228 AD2d 763 [1996]; *Nanuet Natl. Bank v Saramo Holding Co., supra; American Power Indus. v Rebel Realty Corp.,* 145 AD2d 454, 455 [1988]). Under these circumstances, we exercise our authority to search the record and grant the plaintiff's cross motion for summary judgment, although it is a

nonappealing party (see CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]).

The Supreme Court should have awarded the plaintiff summary judgment dismissing the defendant's counterclaim for awards of an attorney's fee and costs. The lease provision upon which the defendant relies to support its claim that it is entitled to recover such expenses only requires the plaintiff to indemnify the defendant in actions commenced against it by third parties (*see Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff effectively exercised its option to renew the lease (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Mickey's Rides-N-More, Inc. v Anthony Viscuso Brokerage, Inc.,* 17 AD3d 328 [2005]).

The defendant's remaining contentions are without merit. Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.