■ In the Matter of 221-06 MERRICK BLVD. ASSOCIATES, LLC, Respondent, v CRESCENT ELECTRIC ACQUISITION CORPORATION, Appellant, et al., Respondents. [913 NYS2d 560]—

In a summary holdover proceeding, the tenant, Crescent Electric Acquisition Corporation, appeals, by permission, from an order of the Appellate Term, Second, Eleventh, and Thirteenth Judicial Districts, dated July 14, 2009, which reversed a judgment of the Civil Court of the City of New York, Queens County (Greco, Jr., J.), entered March 31, 2008, which, after a nonjury trial, dismissed the petition.

Ordered that the order is affirmed, with costs.

A notice exercising an option to renew a lease is ineffective if it is not given within the time specified (*see Dan's Supreme Supermarkets v Redmont Realty Co.*, 216 AD2d 512 [1995]; *Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp.*, 166 AD2d 435, 437 [1990]; *see also J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 396-397 [1977]; *Sy Jack Realty Co. v Pergament Syosset Corp.*, 27 NY2d 449, 452 [1971]). Equity will intervene, however, to relieve a tenant of the consequences of an untimely notice of an option to renew a lease where (1) the tenant's failure to exercise the option in a timely fashion resulted from an honest mistake or inadvertence, (2) the nonrenewal of the lease would result in a substantial forfeiture by the tenant, and (3) the landlord would not be prejudiced by the re-

newal (*see J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d at 399-400; *Sy Jack Realty Co. v Pergament Syosset Corp.*, 27 NY2d at 452-453; *Nanuet Natl. Bank v Saramo Holding Co.*, 153 AD2d 927, 928 [1989]; *Mass Props. Co. v 1820 N.Y. Ave. Corp.*, 152 AD2d 727, 728-729 [1989]; *Tritt v Huffman & Boyle Co.*, 121 AD2d 531, 532 [1986]).

Here, the tenant, Crescent Electric Acquisition Corporation (hereinafter the tenant), failed to establish its prima facie entitlement to equitable renewal of the lease. While the failure to timely exercise the option to renew the lease may have been inadvertent, the tenant has not established that a substantial forfeiture would result if equitable renewal was not granted or that the landlord would not be prejudiced by the renewal (*cf. Popyork, LLC v 80 Ct. St. Corp.*, 23 AD3d 538, 539 [2005]; *Bench 'N' Gavel Rest. v Time Equities*, 169 AD2d 755, 757 [1991]; *Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp.*, 166 AD2d at 437; *Nanuet Nat. Bank v Saramo Holding Co.*, 153 AD2d at 928; *Mass Props. Co. v 1820 N.Y. Ave. Corp.*, 152 AD2d at 729).

The tenant's remaining contentions are either improperly raised for the first time on appeal or without merit. Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.