In an action to recover unpaid rent, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J), dated September 12, 2011, which granted the defendant’s motion for summary judgment on the issue of liability on its counterclaims, and denied its cross motion, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the counterclaims.
Ordered that the order is affirmed, with costs.
On March 8, 2002, the plaintiff, as landlord, and the defendant, as tenant, entered into a 25-year lease for premises located in Brooklyn. The defendant leased the premises for the purpose of operating a homeless shelter on behalf of the New York City Department of Homeless Services. The leased premises were located in an area which would come to constitute a part of the Atlantic Yards Land Use Improvement and Civic Project. At some point, the parties learned that the leased premises would be acquired by eminent domain in connection with that project.
The lease provided, in section 17.6, that, in the event of any taking by eminent domain of more than 30% of the premises, the defendant would have the option of terminating the lease *828 “by sending written notice to [the plaintiff] which notice shall set forth a date for termination of [the] Lease and which date shall be not less than 30 nor more than 90 days after the date of such notice.” If the defendant exercised this option, it would be entitled to “any condemnation proceeds relating to [the defendant’s] personal property, trade fixtures located in the Premises or the value of its leasehold.” In the event that the defendant did not exercise the option, the lease would terminate upon transfer of title by eminent domain, and the defendant would not be entitled to any portion of the condemnation proceeds. Pursuant to section 32.1 of the lease, all notices to the plaintiff were to be in writing and sent by, among other permissible means, certified mail, return receipt requested, to both the plaintiff and the plaintiffs attorney.
On December 21, 2009, the defendant sent a letter dated December 18, 2009, to the plaintiff. This letter, bearing the subject “Closing of Pacific Dean & Pacific Dean Annex,” stated, in pertinent part, “Enclosed are the documents distributed by New York City’s Department of Homeless Services to the clients of Pacific Dean and Pacific Dean Annex. The letter from DHS staff, Julia Moten, indicates that the Pacific Dean and Pacific Dean Annex ‘will be closing on January 15, 2010.’ ” The letter was sent to the plaintiff, but it was not sent to the plaintiffs counsel. The plaintiff refused to accept surrender of the premises until March 1, 2010, the date the Empire State Development Corporation acquired title to the premises by eminent domain.
The plaintiff subsequently commenced this action to recover unpaid rent, asserting, inter alia, that the defendant did not validly exercise the option set forth in section 17.6 of the lease. The defendant served an answer with counterclaims. In the counterclaims, the defendant asserted, among other things, that it validly exercised the option and was entitled to a portion of the condemnation proceeds. The defendant moved for summary judgment on the issue of liability on its counterclaims. The plaintiff opposed the motion, and cross-moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the counterclaims. In the order appealed from, the Supreme Court granted the motion and denied the cross motion.
An optionee must exercise the option in accordance with its terms, within the time and in the manner specified in the option (see Kaplan v Lippman, 75 NY2d 320, 325 [1990]; Singh v Atakhanian, 31 AD3d 425, 426 [2006]; Mohring Enters. v HSBC Bank USA, 291 AD2d 385, 385 [2002]). The defendant failed to strictly comply with the language in the option in purporting to *829 exercise it. However, equity will intervene to relieve an optionee of the consequences of a failure to exercise an option in accordance with its terms where (1) the optionee’s failure to properly exercise the option resulted from an honest mistake or inadvertence, (2) refusal to recognize the exercise of the option would result in a substantial forfeiture by the optionee, and (3) the optionor would not suffer prejudice as a result (see J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 399-400 [1977]; Matter of 221-06 Merrick Blvd. Assoc., LLC v Crescent Elec. Acquisition Corp., 79 AD3d 896, 896-897 [2010]; see also Matter of Temple Emanu-El of Boro Park v Attorney-General of State of N.Y., 240 AD2d 752, 753 [1997]). Here, the defendant established, prima facie, that its failure to strictly comply with the terms of the option in giving notice to the plaintiff that it would exercise the option was inadvertent, that it would suffer a substantial forfeiture if it was deemed to have not exercised the option, and that the plaintiff would not be prejudiced if the option were deemed exercised (see J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d at 399-400; Popyork, LLC v 80 Ct. St. Corp., 23 AD3d 538 [2005]; Street Beat Sportswear v Waterfront Realty Co., 6 AD3d 693 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment on the issue of liability on its counterclaims, and properly denied the plaintiffs cross motion, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the counterclaims.
Eng, EJ., Dickerson, Hall and Lott, JJ., concur.
Motion by the respondent to strike the appellant’s reply brief on an appeal from an order of the Supreme Court, Kings County, dated September 12, 2011, on the grounds that it, inter alia, improperly introduced new arguments and referred to matter dehors the record. By decision and order on motion of this Court dated October 24, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the motion is granted to the extent of striking Foints I and IIB of the reply brief, and those portions of the reply brief are stricken and have not been considered in the determination of the appeal; and it is further,
*830 Ordered that the motion is otherwise denied.
Eng, P.J., Dickerson, Hall and Lott, JJ., concur.