■ BERYL LOWE, Respondent, v PHILIP T. FEIRING, Appellant. [613 NYS2d 42] —In an action for judgment declaring void a confession of judgment, the defendant appeals from an order of the Supreme Court, Nassau County (Lama, J.), dated October 19, 1992, which, *inter alia,* granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The equitable doctrine of collateral estoppel is based upon the general notion that a party, or one in privity therewith, should not be permitted to relitigate an issue which has been decided against it *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664). For the doctrine to apply, only two requirements must be satisfied. First, "the party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action" *(D'Arata v New York Cent. Mut. Fire Ins. Co., supra,* at 664; *see also, Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455). And second, "the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination" *(D'Arata v New York Cent. Mut. Fire Ins. Co., supra,* at 664; *see also, Kaufman v Eli Lilly & Co., supra).*

Here, the invalidity of the judgment by confession has already been determined in a bankruptcy proceeding wherein the plaintiff was the debtor and the defendant was a creditor. After the defendant filed a secured claim in the amount of the judgment and the plaintiff objected thereto, the United States Bankruptcy Court for the Eastern District of New York (Goetz, J.), conducted a hearing at which both relevant parties

testified and, applying New York common law, concluded that the confession of judgment was void. It is clear that the invalidity of the confession of judgment was necessarily decided in the bankruptcy proceeding and is decisive in this declaratory judgment action. Further, it is equally clear that the defendant had a full and fair opportunity to litigate this issue. Accordingly, since the doctrine of collateral estoppel precludes the defendant from relitigating the issue which is dispositive herein, the Supreme Court properly granted the plaintiff summary judgment.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.