■ REDMONT REALTY COMPANY, L.P., Respondent, v DAN's SUPREME SUPERMARKETS, INC., Defendant and Third-Party Plaintiff-Appellant. PUNIA COMPANY et al., Third-Party Defendants-Respondents. [722 NYS2d 397] —In an action for a judgment to recover rent from a holdover tenant, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Berke, J.), dated August 17, 1999, which (1) granted the motion of the plaintiff and third-party defendants for summary judgment dismissing its counterclaims and third-party complaint, and (2) denied its cross motion to direct the plaintiff and third-party defendants to produce documents and nonparty witnesses for deposition. The appeal brings up for review so much of an order of the same court, dated July 10, 2000, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated August 17, 1999, is dismissed, as that order was superseded by the order dated July 10, 2000, made upon reargument; and it is further,

Ordered that the order dated July 10, 2000, is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

This is the fourth appeal emanating from a failure to exercise an option to renew a commercial lease of property owned by Redmont Realty Company, L.P. (hereinafter the plaintiff) and rented to Dan's Supreme Supermarkets, Inc. (hereinafter the defendant). The defendant failed to timely exercise its option to renew and the plaintiff contracted with a new tenant.

The trial court correctly found that the defendant's three counterclaims and the third-party action are barred by the doctrines of res judicata and collateral estoppel (*see, Coliseum Towers Assocs. v County of Nassau,* 217 AD2d 387, 389-390; *Lowe v Feiring,* 205 AD2d 505; *cf., Sucher v Kutscher's Country Club,* 113 AD2d 928, 931), where the identical issues involved have been determined by this Court (*see, Dan's Supreme Supermarkets v Redmont Realty Co.,* 261 AD2d 353; *Dan's Supreme Supermarkets v Redmont Realty Co.,* 240 AD2d 460; *Dan's Supreme Supermarkets v Redmont Realty Co.,* 216 AD2d 512). The new evidence sought by the defendant on its cross motion, even if made available, would not raise a triable issue of fact that would trigger an exception to the defendant's forfeiture under the terms of its lease (*see, J. N. A. Realty Corp. v*

*Cross Bay Chelsea,* 42 NY2d 392, 400). The defendant did not raise a triable issue of fact with respect to its claim of tortious interference with contract (*see, Wilchfort v Balsamo,* 258 AD2d 649; *Blum v New York Stock Exch.,* 253 AD2d 835; *Shapiro v Central Gen. Hosp.,* 251 AD2d 317). Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.