■ In the Matter of the Estate of EMILIO RAMIREZ, Deceased. KEREN RAMIREZ CABELO, Appellant; PUBLIC ADMINISTRATOR, KINGS COUNTY, Respondent. [749 NYS2d 890] —In a proceeding to revoke letters of administration, the petitioner appeals from an order of the Surrogate's Court, Kings County (Feinberg, S.), dated February 4, 2002, which denied her motion to revoke letters issued to the Public Administrator of Kings County and to substitute her as the administrator of the decedent's estate.

Ordered that the order is affirmed, with costs.

This proceeding concerns the administration of the estate of the decedent, the petitioner's father. Contrary to the petitioner's contentions, the Surrogate's Court properly denied her motion to revoke the temporary letters of administration issued to the Public Administrator of Kings County and to substitute the Public Administrator with the petitioner as the administrator of the estate. The petitioner failed to take an appeal from a prior order of the Supreme Court, Bronx County, which, inter alia, found that no conflict of interest existed regarding the law firm appointed by the Public Administrator to pursue the wrongful death action which constitutes the sole asset of the estate. Accordingly, the petitioner is precluded, under the doctrine of collateral estoppel, from arguing that such a conflict exists (*see Pinnacle Consultants v Leucadia Natl. Corp.,* 94 NY2d 426; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349-350; *Ryan v New York Tel. Co.,* 62 NY2d 494; *Redmont Realty Co. v Dan's Supreme Supermarkets,* 281 AD2d 610). Because there is no conflict of interest and the petitioner failed to show any misconduct on the part of the Public Administrator, the Surrogate's Court properly refused to remove the Pub-

lic Administrator pursuant to SCPA 711 (*see generally Matter of Farber,* 98 AD2d 720; *Matter of Marsh,* 179 AD2d 578, 580-581).

Contrary to the petitioner's contention, SCPA 719 (9) did not require the Surrogate's Court to appoint her as administrator of her father's estate merely because she has attained her majority and returned to the United States from the Dominican Republic. Instead, the Surrogate's Court properly exercised its discretion in refusing to remove the Public Administrator after she was vested with the powers of a fiduciary for approximately three years, commenced and pursued the wrongful death action, and no grounds were established requiring her removal (*see* SCPA 711, 1121). Santucci, J.P., Feuerstein, O'Brien and Luciano, JJ., concur.