Matter of Francis (2019 NY Slip Op 02704)





Matter of Francis


2019 NY Slip Op 02704


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-05426

[*1]In the Matter of Dorothy Francis, deceased. James Harrison, petitioner-respondent; Wells Fargo Bank, N.A., etc., respondent-appellant, et al., respondent. (File No. 2462/13)


Sanders, Gutman & Brodie, P.C., Brooklyn, NY (D. Michael Roberts of counsel), for respondent-appellant.
Calvin A. Barrett, Brooklyn, NY, for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to SCPA 1001 for the administration of the estate of Dorothy Francis, in which James Harrison petitioned to revoke letters of administration issued to the Public Administrator of Kings County and to appoint him administrator of the estate, Wells Fargo Bank, N.A., appeals from an order of the Surrogate's Court, Kings County (Diana A. Johnson, S.), dated April 10, 2017. The order granted the motion of James Harrison for summary judgment on the petition and denied the motion of Wells Fargo Bank, N.A., for summary judgment dismissing the petition.
ORDERED that the order is affirmed, with costs.
Dorothy Francis (hereinafter the mother) allegedly transferred title to her dwelling to her daughter in 2005, and the daughter mortgaged the property for $343,000. The daughter died in May 2006. In October 2006, the Vera Institute of Justice, Inc. (hereinafter the Vera Institute), was appointed guardian of the person and property of the mother. In 2008, the Vera Institute was appointed administrator of the estate of the mother's daughter. In 2009, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced a mortgage foreclosure action against, among others, the Vera Institute as both administrator of the daughter's estate and guardian of the mother. The Vera Institute opposed foreclosure and asserted as a defense that the daughter obtained the deed to the mortgaged property from the mother by fraudulent means.
The mother died intestate in 2010. In 2013, Wells Fargo commenced a proceeding to appoint the Public Administrator of Kings County (hereinafter the Public Administrator) administrator of the mother's estate for the limited purpose of handling the mortgage foreclosure action. James Harrison, the mother's brother, was served with the citation in that proceeding. On September 25, 2013, the Public Administrator was granted limited letters of administration "for the sole purpose of representing the [mother]'s estate in the foreclosure [action]." Thereafter, the Vera Institute petitioned to resign as administrator of the daughter's estate, the petition was granted, and the Public Administrator was appointed administrator of the daughter's estate.
In January 2016, Harrison filed a petition to revoke the letters of administration issued to the Public Administrator and to appoint him administrator of the mother's estate, with the authority to manage the estate's property, sell the property, and pay off the estate's debts, including the mortgage. Wells Fargo opposed on the grounds that Harrison was served in the prior proceeding to appoint the Public Administrator, Harrison's petition was not filed within four months of the appointment of the Public Administrator, and Harrison did not allege misconduct on the part of the Public Administrator. The Public Administrator did not oppose the petition.
Harrison moved for summary judgment on the petition. Wells Fargo moved for summary judgment dismissing the petition, arguing that the Surrogate's Court lacked discretion to remove the Public Administrator pursuant to SCPA 1121 because Harrison's petition was filed more than four months after the Public Administrator was appointed and Harrison did not charge the Public Administrator with wrongdoing. Wells Fargo also argued that Harrison was guilty of wrongdoing because he attempted to sell the property. Wells Fargo claimed that Harrison "is in his 70s, and lives 700 miles away in Illinois[,]" and is unable to provide any "plan for defending the Foreclosure—the very purpose for which the Public Administrator was granted letters."
In the order appealed from, the Surrogate's Court granted Harrison's motion and denied Wells Fargo's motion. The court determined that more than six months elapsed between the appointment of the Public Administrator and the filing of Harrison's petition, and that therefore whether to appoint Harrison administrator of the mother's estate was a discretionary determination. The court determined, in its discretion, that the appointment of Harrison was in the best interests of the estate. Harrison would have full power to manage the property, while the Public Administrator only had the limited power to represent the estate in the mortgage foreclosure action. The order provided that Harrison could not sell the property without the approval of the court. Wells Fargo appeals.
SCPA 1121 provides that if an eligible distributee petitions to supersede the public administrator within four months of appointment of the public administrator, the Surrogate's Court must appoint the distributee upon proof that the distributee had not been served. The statute further provides that "the court may refuse to supersede the public administrator if 6 months have elapsed since he [or she] became vested with the powers of a fiduciary" (SCPA 1121). The statute does not state that after four months or even six months, the court must refuse to supersede the public administrator. The relevant precedent indicates that once six months have elapsed, the court has discretion to deny an application to supersede the public administrator (see Matter of Ramirez , 299 AD2d 488; Matter of Williams , 245 AD2d 126, 130), not that the court is mandated to do so.
In this case, the revocation of the letters of administration issued to the Public Administrator and the appointment of Harrison as administrator of the mother's estate was a provident exercise of discretion. The Public Administrator was appointed with only the limited power to represent the estate in the foreclosure action, while Harrison was granted the full power to manage the estate's property, in the best interests of the estate.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court